290 So.2d 317 (1974)
STATE of Louisiana, Appellee,
v.
Albert THOMAS, Appellant.
No. 53987.
Supreme Court of Louisiana.
February 18, 1974.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
J. Daniel Rivette, Orleans Indigent Defender Program, Mamou, for defendant-appellant.
TATE, Justice.
The defendant Thomas was convicted of murder, La.R.S. 14:30, and sentenced to life imprisonment. The seven bills perfected for the appeal present two principal issues: pre-trial discovery and the admission into evidence of a pistol.

1. Pre-trial discovery
By a bill of particulars, prayer for oyer, and motion to quash the indictment unless such was done, the defendant sought to *318 have the state furnish him a complete copy of (a) the district attorney's file and (b) all written and oral confessions of the defendant or of his co-defendants of an inculpatory or exculpatory nature. The state furnished the defendant copies of all written and oral confessions made by him and further agreed to turn over to the defendant any exculpatory statements or evidence in its files.
The state refused to turn over the remainder of its file, including inculpatory statements of the other defendants and other inculpatory evidence. In so doing, the state relied upon relevant state jurisprudence. State v. Bailey, 261 La. 831, 261 So.2d 583 (1972); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).
In contending that the state nevertheless erred, the defendant primarily relies upon the holding in Brady v. Maryland, 373 U.S. 83, 104, 83 S.Ct. 1194, 1196-1197, 10 L.Ed. 2d 215 (1963): "* * * the suppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."
In brief, the defendant persuasively argues:
"It is not implied that the State in bad faith withheld evidence which might have exonerated the appellant. Defendant's contention is rather that all evidence should have been available to him. Only through full disclosure of all inculpatory or exculpatory evidence would he have been fully able to confront the charges against him.
"The State's function in a criminal case is to use the trial as a means of procuring justicefor the accused as well as for the society which it represents. So long as the State is permitted to jealously guard its files, this function is abrogated to the extent that the Court serves as an arena in which one side `wins' and the other `loses', rather than as a forum in which truth is served.
"It is not suggested that the State seeks to prosecute any but the guilty. As was stated, bad faith is not an issue. There are, however, instances in which only the defendant may be aware of the significance of a piece of evidence in the possession of the State. If it may serve to mitigate his guilt, he should be made aware of its existence. If it is unfavorable to him, he should have the opportunity to counter it before he is confronted with it in the courtroom. If it cannot be contradicted and he is in fact guilty, such knowledge may prompt him to dispense with the trial by entering a plea of guilty. In any event, the truth will better be served by the availability of such knowledge.
"When the issue is not that of guilt or innocence, but the punishment of the accused, the State may feel it has no obligation, moral or legal, to introduce evidence that might mitigate punishment, or it may be unaware that the evidence it possesses may serve this function. The defendant should have the opportunity to evaluate for himself its importance. Only through pre-trial discovery methods is this feasible."
Nevertheless, under the prevailing judicial interpretations, the defendant may not require pre-trial discovery of the nature sought. Despite the appellant's suggestion that the Louisiana constitution affords him this right, the provision of the 1921 constitution that "the accused shall be informed of the nature and cause of the accusation against him" has not, until now, been so interpreted. La.Const. Art. I, Section 10 (1921).
Under the prevailing view of our state jurisprudence, the prosecutor's determination that evidence is not exculpatory and therefore need not be disclosed to the defendant is, in the absence of a showing by the defendant to the contrary, State v. Gladden, 260 La. 735, 257 So.2d 388 *319 (1972),[1] generally not reviewable on the appeal.[2]
We therefore find no error under present jurisprudential interpretations.

2. The admission of the pistol
The second error alleged concerns the admission into evidence of a .22 calibre pistol (S-6). This was introduced in addition to another .22 calibre pistol (S-4), used to kill the victim. The defendant contends that the admission of S-6 (the pistol not used in the shooting) was prejudicial and irrelevant.
The evidence shows that the victim, Mrs. Thompson, was shot in the course of an attempted armed robbery of her shop. During the robbery, Mrs. Thompson reached for a gun. The robber then shot her. The pistol S-6 was found on the floor. (S-4, the killing weapon, was recovered later, when a suspect was arrested.) Ballistic tests proved that S-4 fired the fatal shot and that S-6 did not.
The objection that the pistol S-6 was irrelevant possesses no merit. Among other reasons, the evidence that this pistol, found at the scene of the shooting, was not the death weapon tends to strengthen the other proof that the other weapon (S-4), connected with the defendant, was the weapon used to kill the victim.

Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.
DIXON, J., concurs.
NOTES
[1] As Professor Pugh has pointed out, it is difficult for an accused to show that evidence favorable to him is being withheld, without access to it. 33 La.L.Rev. 322 (1972).
[2] But see, State v. Davis, 259 La. 35, 249 So.2d 193 (1971), affirming a conviction after reviewing withheld statements which were produced post-trial, as well as the related post-conviction proceedings, which set aside the conviction, on the ground that the prosecution's good faith non-disclosure amounted to a violation of Brady requirements, Davis v. Heyd, 479 F.2d 446 (CA 5, 1973).