306 So.2d 745 (1975)
STATE of Louisiana
v.
Charles NELSON.
No. 55229.
Supreme Court of Louisiana.
January 20, 1975.
*746 Allen C. Hope, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
*747 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
By bill of information the District Attorney for the Parish of Orleans charged Charles Nelson with robbing Harry Perkins of $120 while armed with a revolver. La.R.S. 14:64. Nelson was tried by a jury, found guilty as charged and sentenced to serve 35 years at hard labor in the custody of the Department of Corrections. He brings this appeal relying upon thirteen bills of exceptions for reversal of his conviction and sentence.

Bill 1
Bill of Exceptions No. 1 relates to the refusal of the State to furnish particulars requested by the defense in an application filed prior to trial. This bill recites that it was reserved when, during the hearing on the application for bill of particulars, defense counsel's request in the application for the make, caliber and serial number of the weapon allegedly used in the commission of the offense was refused by the State and the refusal was sustained by the trial judge.
In his per curiam to this bill the trial judge asserts there were no allegations made, and defense counsel did not argue, that the information requested was needed in aid of proof of a theory of self-defense.
Defense counsel makes the general argument in support of this bill (as well as in support of bills 2 through 7, infra) that, since certain evidence is in possession of the State, it should for that reason be made available to the defense. The main purpose of a bill of particulars, he argues, is to better appraise the defendant of what he is expected to meet so that he may properly prepare his defense. Thus, he continues, the State, with investigatory resources far beyond those within the power of the defendant, has no interest in denying the defendant access to material within its control, whether of an inculpatory or exculpatory nature. And the justice the State seeks to serve is best arrived at by eliminating the element of surprise at the trial.
The law does not require the State to disclose the evidence by which it expects to prove its case. The State's obligation is, when required by the Court, "to furnish a bill of particulars setting up more specifically the nature and cause of the charge against the defendant." La. Code Crim.Proc. art. 484. Essentially the bill of particulars is designed to permit the accused to obtain further information, in a proper case, regarding what the State intends to prove, in order that, in fairness, the accused may more properly defend himself. State v. Bailey, 261 La. 831, 261 So.2d 583 (1972). But the bill of particulars cannot be employed as a fishing expedition for a recital of the details of the State's evidence, nor can it be used as a device to harass the State by demands for nonessentials. State v. Hudson, 253 La. 992, 221 So.2d 484 (1969). Requiring compliance with the application is largely discretionary with the trial judge. State v. Wright, 254 La. 521, 225 So.2d 201 (1969).
The information requested here is an effort on the part of the defense to obtain pretrial discovery of the State's evidence. This is not permitted except in certain instances not pertinent here. State v. Nails, 255 La. 1070, 234 So.2d 184 (1970); State v. Hunter, 250 La. 295, 195 So.2d 273 (1967). The information requested was not necessary to set up more specifically the nature and cause of the charge against defendant. And there is nothing unfair in this ruling when the State responded to the application for particulars in part by giving the specific address where the offense occurred, the date and time thereof and advised defendant that it was not in possession of any exculpatory evidence. With *748 this information, and that contained in the bill of information, and by the exercise of independent initiative in obtaining facts, the defendant could properly prepare his defense.

Bills 2-7
Bill of Exceptions No. 2 pertained to the State's refusal to furnish the exact location of the arrest of defendant; No. 3 referred to the exact date and time of defendant's arrest; No. 4 concerned when, where, under what circumstances and by whom defendant was identified (including names, addresses, and telephone numbers); No. 5 related to whether the defendant was identified while participating in a "show up" of any kind and when, where, under what circumstances, and by whom defendant was identified, including names, addresses, and telephone numbers; No. 6 concerned the names and addresses of the witnesses which the State intended to use on the trial; and No. 7 had to do with whether anyone else was arrested in connection with the offense charged, and, if so, their names and addresses.
In each instance the State refused to furnish the information requested and the trial judge upheld the refusal. With the exception that in several instances the information requested was readily available to the defense from other sources, all of these bills are governed by the legal principles set forth in the treatment of Bill of Exceptions No. 1. Upon that basis, the ruling of the trial judge is correct. See also State v. Kado, 300 So.2d 461 (La. 1974).

Bill 8
This bill was reserved when the trial judge refused, in response to a defense prayer for oyer, to compel the State to furnish defense counsel all oral confessions and/or statements or admissions of an inculpatory nature made by him or his codefendant or codefendants.
Oral confessions are not subject to pretrial discovery in a prayer for oyer. State v. Hall, 253 La. 425, 218 So.2d 320 (1969) and State v. Hunter, 250 La. 295, 195 So. 2d 273 (1967).

Bill 9
This bill was neither argued nor briefed. It is considered abandoned. State v. Richmond, 284 So.2d 317 (La. 1973).

Bill 10
During the direct examination of Gilbert Wheeler, one of the victims of the robbery, the Assistant District Attorney asked Wheeler if there was present in the courtroom the same man who had held the gun during the robbery and whose photograph he had identified in the district attorney's office some time prior to the trial. Defense counsel then objected, asserting that any in-court identification would be tainted by a previous defective photographic identification. The trial judge overruled the objection and this bill was reserved. The witness then identified the defendant.
Defense counsel relies upon State v. Wallace, 285 So.2d 796 (La.1973), wherein a majority of this Court reversed the defendant's conviction upon a finding that the out-of-court photographic identification was defective and that the in-court identification had no independent basis. The defense asserts here that witness Wheeler's in-court identification was tainted when, during the week preceding trial, Wheeler was allowed to view a photograph of a lineup in which the defendant had previously appeared. From this photograph Wheeler selected the defendant as the bandit who robbed him.
In the present case the photographic lineup was not defective. It could *749 not have tainted Wheeler's courtroom identification, which we find to have been independently made. In his per curiam to this bill, the trial judge says:
"This case differs greatly from that of State v. Wallace, La., 285 So.2d 796, upon which this bill of exception relies. In the Wallace case, the victim was the only eye-witness to the supposed robbery, which occurred at night on a dark street in Baton Rouge and with the perpetrators remaining in an automobile while the victim was standing on a sidewalk. The victim in the Wallace case was never given an opportunity to view the defendants either at an on the scene identification or at a police lineup but only viewed their pictures in the District Attorney's Office three days prior to trial and after he had seen them at preliminary hearings. This is not the case here. Gilmore Wheeler had ample opportunity to view the defendant, Charles Nelson, during the entire time it took to perpetrate this offense and while the defendant held a pistol to the side of the witness' brother's head. He was further shown a number of photographs on the night of the event, which photographs did not include the defendant and failed to identify anyone as the perpetrator. Some two weeks later, he was shown a series of six photographs that did include the defendant and from these photographs he positively identified Charles Nelson. A lineup was held by the New Orleans Police Department, at which time several witnesses attended and identified the defendant, Charles Nelson, but the lineup was not attended by the witness, Wheeler, due to his absence from town. It was due to this fact that the Assistant District Attorney allowed Mr. Wheeler to view the picture of the lineup in order to determine if he could properly identify the defendant. This again differs distinctly from the Wallace case in that the Assistant District Attorney in the Wallace case only showed the witness two pictures, implying that the robber was one of the two, while in this case the photograph depicts nine individuals of similar description and dress. This Court, at the time of the objection, had to evaluate the entire circumstances of the identification procedure of this witness in order to determine if it was so unduly prejudicial as to fatally taint his identification. Under the circumstances as above stated and revealed by the record, together with the fact that there were other witnesses who positively identified the defendant as the perpetrator of the offense, this Court felt that there was no impermissible suggestiveness to the photograph identification so as to unduly taint the in court identification."
No showing has been made that this photographic lineup was in any way suggestive. Wheeler stated that the police never attempted to influence him to make any particular selection. He also denied that the photos influenced his in-court identification.
This bill is without merit.

Bill 11
During the cross-examination of Desk Sergeant Orin Mills, Jr., a witness called on behalf of the State to testify about a lineup conducted by him as a New Orleans Police Department Officer in connection with the identification of the defendant, this bill was reserved. Defense counsel asked the following question of Sergeant Mills: "Officer, as an expert in conducting lineups, is it your experience that the lineup identification is generally more reliable than, say a photographic identification?"
Objection was then made by the State urging that Officer Mills was not "in a position to testify as an expert." The trial judge sustained the objection, holding that the witness could not qualify as an expert, ruling that he could only testify to what he did in this particular case.
*750 In arguing the bill before this Court, defense counsel relies upon Sections 464 and 466 of Title 15 of the Revised Statutes providing:
"¶464. Expert testimony
"On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony."
"¶466. Qualification of experts
"The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court."
Defense counsel asserts that Officer Mills, who said that he conducted fifteen to twenty lineups per month, had the requisite "special training or experience" and "knowledge of the subject" to qualify as an expert.
In his per curiam to this bill the trial judge states:
"... the question presumed an answer that was argumentative and beyond the witness' knowledge. In essence, it was a question to be argued to the jury based upon the facts and circumstances of the case and not a proper question for this witness."
We believe like the trial judge that this question is not properly within the realm of the witnesses' expertise. It seeks to elicit a response which calls for a judgment the jury should make. It is a matter which was directly in issue and was properly objected to as invading the province of the jury. While a jury is entitled to the aid of experts in determining the existence or nonexistence of facts not within common knowledge, an expert must not take the place of the jury by expressing his opinion as to an ultimate fact. United States v. Ware, 110 F.2d 739 (5 Cir. 1940); Marcy v. Sun Mutual Ins. Co., 11 La.Ann. 748 (1856); 31 Am.Jur.2d, Expert and Opinion Evidence, ¶ 22. The competency of an expert is, moreover, a question of fact. Because an officer has conducted many lineups does not necessarily mean that he is qualified to testify as to the comparative reliability of physical and photographic lineups. On this point the trial judge has wide discretion in passing upon the witnesses' qualification. State v. Richmond, 278 So.2d 17 (La.1973). No manifest error occurred in the trial judge's ruling.
This bill is without merit.

Bill 12
Here defense counsel objected to the introduction by the State of the photograph of the lineup discussed in Bill 10.
Having previously determined that the photographic identification procedures were not impermissibly suggestive, this bill presents no additional issues for review and is therefore without merit.

Bill 13
This bill was taken to the trial judge's refusal to grant a new trial on the basis that the verdict was contrary to the law and the evidence. Such a contention presents no question of law for our review. State v. Frezal, 278 So.2d 64 (La.1973).
The conviction and sentence are affirmed.
BARHAM, J., concurs with reasons.
BARHAM, Justice (concurring).
I concur in the majority's affirmance of the defendant's conviction and sentence. However, I must take issue with the majority's treatment of Bill of Exceptions Number 8 because in my opinion oral confessions are discoverable. See State v. *751 Davis, 300 So.2d 496 (La.1974), our docket number 55,325, granted September 25, 1974, dismissed October 17, 1974 for compliance (opinion concerning in dismissal); State v. Jenkins, 302 So.2d 20 (La.1974). In those cases this Court placed the oral confession under La.Code of Criminal Procedure Article 703.
However, the oral confession sought by the defendant in the case before us was not used at any time during the trial. For that reason the defendant was not prejudiced by the trial judge's refusal to compel the State to furnish it.
For the reasons assigned, I respectfully concur.