336 So.2d 824 (1976)
STATE of Louisiana
v.
Christopher KENNER, Jr.
No. 57457.
Supreme Court of Louisiana.
June 21, 1976.
Rehearing Denied September 10, 1976.
*826 Gary L. Newport, Berwick, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Walter J. Senette, Jr., Bernard E. Boudreaux, Jr., Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Christopher Kenner, Jr. was indicted by the grand jury for the Parish of St. Mary for the crime of attempted aggravated rape. La.R.S. 14:27; La.R.S. 14:42. After trial by jury, he was found guilty as charged and was subsequently sentenced to serve eighteen years at hard labor. On appeal, he relies on ten assignments of error for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 2 AND 6
These assignments of error relate to the trial judge's denial of two motions for a continuance, one filed by defendant himself and the other by his court-appointed counsel. The motions were filed on the morning of trial. Defendant contends that he was not afforded sufficient time to consult with his counsel prior to trial and that his counsel did not have the opportunity to thoroughly review the case, interview witnesses, and properly prepare a defense in this matter.
Defendant was indicted on February 13, 1975 (four days after his arrest). Initially, defendant requested the court not to appoint counsel for him as he desired to retain his own attorney. However, on March 21, 1975, pursuant to defendant's request for the appointment of counsel, the court appointed Peter P. Guarisco to represent him. On March 27, defendant was arraigned and pleaded not guilty. At arraignment, trial was fixed for June 9, 1975. As a result of parole revocation, defendant was transferred to the state penitentiary at Angola on April 11, 1975; he was returned to the parish jail on June 3, 1975. On June 9, 1975, the trial was continued until the next day (June 10) at which time defendant and his counsel filed separate motions for a continuance.
Defendant avers in his motion for continuance that he had no opportunity to discuss the merits of his defense or the names and addresses of possible witnesses with his attorney as a result of his transfer to Angola. The motion further alleges that his attorney had filed no pretrial motions in his behalf. Defense counsel's motion for continuance sets out essentially the same allegations, claiming that he had conferred with his client on only two occasions prior to trial. The motion further avers that, although defendant had requested him to file several pretrial motions and had furnished him with the names of several prospective witnesses for his defense, he had not had time to prepare and file the motions or to locate the witnesses. The reason asserted for his lack of time to prepare for trial was his absence from the country for most of the period between arraignment and trial. It is claimed that he had only thirty-five working days during this period in which to prepare.
At the hearing held on the motions for a continuance, defendant testified that his transfer to Angola prevented him from conferring with his attorney. He further stated that his attorney had failed to file *827 any pretrial motions in his behalf. Defendant's motion was denied. The motion for continuance filed by counsel was then called. Defense counsel offered no evidence in support thereof.
An application for a continuance must allege specifically the grounds upon which it is based. La.Code Crim.P. art. 707. Under the provisions of article 709 of the Code of Criminal Procedure:
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
A motion for continuance may be granted, in the discretion of the court, in any case if there is good ground therefor. La.Code Crim.P. art. 712.
The grounds alleged in the motions for continuance are not supported by the record. Although it is alleged that there was inadequate time to prepare a defense, no showing was made that this was in fact the case. No continuance was sought until June 10, 1975, the morning of trial. Even excluding the time defense counsel claims he was out of the country, he admits that he had thirty-five working days in which to prepare for trial. No request was made for defendant's return from Angola nor did defense counsel make any attempt to contact or visit defendant at Angola. Moreover, defense counsel had ample time to consult with defendant prior to his departure and after his return from Angola. Defense counsel admitted that he did in fact consult with defendant on two occasions prior to trial. We do not find that there was inadequate time to prepare a defense under the facts here presented.
While it is urged that a continuance was necessary in order to have time to secure witnesses, there was only a general allegation to this effect. The court was not furnished with a list of witnesses, nor did the motion state the facts to which they would testify, showing the materiality of their testimony and the necessity of their presence at trial. There was also no showing that a diligent effort had been made to procure attendance of the absent witnesses or that they would be available in the event the trial was deferred. Hence, there was no compliance with provisions of article 709 of the Code of Criminal Procedure. Likewise, the nature of the pretrial motions which defendant allegedly requested his counsel to file was not given. Under these circumstances, we are unable to say that the trial court abused its discretion in denying the motions for a continuance. No showing was made of any injustice or unfairness which resulted from the denial of the motions. Assignments of Error Nos. 2 and 6 are without merit.

ASSIGNMENT OF ERROR NO. 3
During voir dire examination of a prospective juror (Alton Anderson), the district attorney stated:
What we are going to do here, Mr. Anderson, is the State of Louisiana is going to put on certain evidence and perhaps the defendant, too; I don't know. What the jury's job is really is to apply the facts that are testified to, to apply those facts to the law as I just read it to you. Do you feel like you would be able to do that, sir?
Although no objection or motion for mistrial was made at the time of occurrence, defendant urges on appeal that he was effectively deprived of the presumption of *828 innocence by the prosecutor's remarks and as such was denied due process of law. He further contends that the trial judge abused his discretion in not granting a mistrial under article 775(3) of the Code of Criminal Procedure.[1]
An error cannot be availed of after verdict unless it was objected to at the time of occurrence. La.Code Crim.P. art. 841, as amended, La.Acts 1974, No. 297, § 1. No objection was made here. Also, defendant made no motion for mistrial as required by article 770 of the Code of Criminal Procedure. Moreover, the alleged error is not a legal defect as contemplated by article 775(3) of the Code of Criminal Procedure. In any event, the remarks were not a comment on the failure of defendant to take the stand, but only a statement that defendant might or might not present evidence. It has been held by this court that a prosecutor's statement that "the evidence . . . was uncontradicted and uncontroverted" was not an impermissible comment on the accused's failure to take the stand. State v. Singleton, 321 So.2d 509 (La.1975). Hence, we do not find that the prosecutor's remarks adversely affected defendant's due process rights in any way. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
During the impanelling of the jury, defense counsel asked the prospective jurors: "Would it influence your decision or your verdict in this case if the defendant did not take the stand or did nothing in his defense did not testify in his defense?" At this point, the state requested the court to instruct the jury panel as to the law on the right of defendant to remain silent. The instruction was as follows:
Ladies and gentlemen, under the Constitution of the United States and State of Louisiana, a person charged with a crime has the absolute right to remain silent, he need not take the stand and testify in his own behalf if he chooses not to and he need not give any reason or explanation for his failure to do so. He has the absolute right to remain silent and cannot be compelled to give any evidence against himself. If he chooses to exercise that right, the Court would instruct the jury that they cannot take that fact alone into consideration as any evidence of his guilt as to the charge. The defendant has the right to remain silent, he has the right not to give evidence against himself. Should be choose to exercise that right, the Jury cannot consider that fact alone as any indication of his guilt of these charges. The Court will so instruct the jury at the conclusion of the trial.
Now, Mr. Guarisco, if you will repeat your question, they may answer. (Emphasis added.)
Defendant did not object or move for a mistrial. On appeal, he asserts that the use of the underscored language created an impression in the minds of the jury that defendant's right to remain silent can be used in conjunction with other evidence. It thus undermines the presumption of innocence.
Initially, defendant did not object or move for a mistrial at the time of the occurrence of the alleged error. Hence, nothing is presented for our review. In any event, there is no merit in defendant's contention. Defendant's interpretation of the language complained of is strained, unrealistic and taken out of context. We do not find that it leaves the impression asserted. Any doubt to the contrary is removed by the instruction as a whole and the final charge to the jury which recites:
A defendant in a criminal case cannot be compelled to take the witness stand and to testify. He has the absolute right *829 not to testify, and the jury must not draw a presumption of guilt or any inference against the defendant because he did not testify. The defendant need not prove his innocence; he need not prove anything.
Assignment of Error No. 4 is without substance.

ASSIGNMENTS OF ERROR NOS. 5 AND 13
Defendant first contends that the district attorney attempted to present evidence in his opening statement which went beyond the scope set forth in article 766 of the Code of Criminal Procedure.[2] He further complains that the district attorney attempted to argue the case before the jury during the course of his opening statement.
From our examination of the opening statement, we find no merit in this contention. The district attorney was merely detailing the testimony and explaining the evidence by which the state expected to prove its case as is authorized by law. La.Code Crim.P. art. 766. There was no attempt to argue the facts or the law.
Defendant also contends that the district attorney referred in his opening statement to the fact that the victim felt a sharp object in her back and was told by the perpetrator the nature of this object. This is claimed to be a reference to evidence of another crime, i.e., armed robbery, in violation of State v. Prieur, 277 So.2d 126 (La.1973). Defendant was charged with the crime of attempted aggravated rape. The statute defining aggravated rape (R.S. 14:42) provides that the crime is committed where the victim resists the act to the utmost, but her resistance is overcome by force or where she is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution. Attempt (R.S. 14:27) covers any person who, having a specific intent to commit a crime, does or omits an act for the purpose of tending directly toward the accomplishment of his object. An attempt is a separate but lesser grade of the intended crime. Hence, presentation of evidence as to the force employed by the perpetrator on the victim is relevant to the material issue. Defendant's objection to the district attorney's reference in his opening statement to a sharp object is without merit.
Assignments of Error Nos. 5 and 13 are without substance.

ASSIGNMENTS OF ERROR NOS. 10 AND 11
These assignments relate to objections made during the testimony of two state witnesses, Detective Dossett, the officer who investigated the crime and later arrested defendant, and John Rankin, the witness who saw defendant running down the street near the scene of the crime after its commission.
During the direct examination of Detective Dossett, he testified that he had arrested defendant at his residence. He was then asked if, while at defendant's home, he had looked at defendant's vehicle. The witness replied that he did. He was then asked to describe the vehicle. He answered: "It was a black vinyl over green." Defendant objected on the ground that a proper foundation had not been laid to show that this officer knew which vehicle belonged to defendant. The court then allowed the prosecutor to ask the witness if he knew that particular vehicle belonged to defendant. The witness answered that the defendant when arrested stated that it was in fact his vehicle. The witness additionally testified that the computer showed the *830 vehicle was registered in defendant's name at the time.
While the original question asked this witness might have incorrectly assumed a fact not previously established, i.e., ownership of the vehicle, the error was cured by the testimony that followed. Moreover, no prejudice resulted from such questioning.
Objection was made to the testimony of John Rankin that he had seen a man running down the sidewalk from the 900 block of Front Street toward St. Clair Street at about the same time as the commission of the crime. Defendant objected on the ground that there was nothing to connect this testimony to the scene of the crime. The objection was correctly overruled, as it had been established by previous testimony that the victim had been attacked in the vicinity of her residence located at 922 Front Street. In brief filed in this court, it is urged that the district attorney was allowed to propound leading questions to the witnesses. The record does not support this contention. We find no error in the rulings of the trial judge. Assignments of Error Nos. 10 and 11 are without merit.

ASSIGNMENT OF ERROR NO. 12
Defendant objected to the introduction into evidence of a photographic array displayed to the victim on the day following the crime and from which she identified defendant. Defendant contends that the procedure employed was impermissibly suggestive and as such also affected the victim's in-court identification of defendant.
We find no substance to this allegation. The description of the attacker was given by the victim to Detective Dossett on the evening of the crime. Dossett selected photographs of six persons with similar physical characteristics matching the description given to him by the victim. These photographs, which included one of the defendant, were presented to the victim on the next day. It was from this group of photographs that the victim selected defendant. We have reviewed the photographic display included in the record and find that it contains pictures of six men with similar physical characteristics.
Even assuming arguendo that the out-of-court identification was tainted, it is settled that the in-court identification does not violate the accused's due process rights where it has a source independent of the out-of-court identification. State v. Price, 325 So.2d 780 (La.1976); State v. Newman, 283 So.2d 756 (La.1973).
In the instant case, the victim testified that defendant knocked on her door on the afternoon in question. She opened the door about four inches, keeping the chain fastened. She observed defendant face to face as he stood in the well-lighted hallway outside her apartment. Defendant inquired about a vacant apartment but was informed by the victim that she knew nothing about such an apartment. The victim
then closed the door. About an hour later, the victim left her home and went to a store on Front Street. Finding the store closed, she proceeded to walk back to her apartment. Just prior to reaching home, she was grabbed by a man who placed a towel over her face and dragged her into an alley where he attempted to rape her. He also demanded her wallet which she handed over to him. Because of her screams, two men in the area came to her aid, and her attacker fled. The victim testified that she clearly saw her attacker's face when she gave him her wallet and as he ran away. She immediately recognized him as the man who had earlier that afternoon knocked at her apartment door.
The in-court identification clearly had a source independent of the out-of-court identification.

Assignment of Error No. 12 is without merit.

*831 ASSIGNMENT OF ERROR NO. 14
Defendant asserts that the trial judge erred in denying his motion for a new trial. He makes two arguments in support of this contention. First, two witnesses, who are presently available, would establish that defendant was elsewhere at the time the attack was perpetrated. Secondly, trial counsel was ineffective which prevented defendant from obtaining a fair trial.
At the hearing on the motion for a new trial, no evidence was offered other than the testimony of defendant and his counsel. Argument of defense counsel was also presented to the court. Defendant's basic contention in this motion is the same as previously urged in his motion for a continuance, i.e., he was not afforded sufficient time to consult with his counsel prior to trial and that his counsel did not have the opportunity to thoroughly review the case, file pretrial motions, locate and interview witnesses and properly prepare a defense.
The trial judge denied the motion stating that no showing was made that the witnesses alleged to be absent at the time of trial were presently available or as to the facts to which they would testify. He also found that defense counsel had ample time to communicate with his client before and after his return from Angola. He noted that defense counsel did not either move to have defendant returned from Angola to assist in preparation of his case, which motion would have been granted, or go to Angola in order to confer with him. He further observed that the motion for a continuance was not filed until the day of trial. We agree with the findings of the trial judge.
Additionally, we find no merit to defendant's contention that defense counsel was ineffective at trial. A review of the record reveals that he examined prospective jurors, making objections and exhausting all peremptory challenges. At trial, the state witnesses were fully cross-examined and appropriate objections were made, many of which were sustained. Those objections overruled were available for designation as alleged errors to be urged on appeal. Two witnesses (defendant's mother and sister) were presented to establish an alibi for defendant at the time of the commission of the crime. It should be observed that the trial of this matter was relatively simple. The state produced four witnesses: the victim, her husband, an eyewitness who saw defendant running away from the scene of the crime and obtained his license number as he left in his speeding car, and the officer who investigated the case and arrested defendant. The only significant claims as to defense counsel's ineffectiveness at trial were his failure to file pretrial motions and to make a closing argument. The pretrial motions that defendant claims he requested defense counsel to file are: motion to suppress, recuse the judge and change of venue. No showing were made as to the possible merit of any of these motions or that any prejudice resulted from the failure of defense counsel to file same. Finally, we are unable to say under the facts of this case that the failure of counsel to make a closing argument deprived defendant of effective assistance of counsel.
We do not find that the trial judge abused his discretion in denying defendant's motion for a new trial. Accordingly, this assignment of error is without substance.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs with reasons.
DENNIS, J., dissents with reasons.
DIXON, Justice (concurring).
I concur in the disposition of Assignment No. 14. The majority opinion finds *832 no merit in defendant's motion for a new trial in which he alleges he was deprived of his Sixth Amendment right to the effective assistance of counsel.
At the beginning of trial counsel and defendant requested a continuance to provide time to prepare the case. The request was denied, and the following colloquy occurred:
"BY THE DEFENDANT: I would also like to put on the record that Mr. Peter Guarisco denied to file any motions for me. He denied to file any motions.
BY THE COURT: Now, let me tell you something right now, Kenner. You are not going to defend yourself in this trial, no.
BY THE DEFENDANT: Yes, sir.
BY THE COURT: I am not going to permit you to defend yourself.
BY THE DEFENDANT: Yes, sir. I've got to defend myself.
BY THE COURT: No, you are not.
BY THE DEFENDANT: If I'm not, who's going to defend me?
BY THE COURT: Mr. Guarisco is your lawyer.
BY THE DEFENDANT: No, sir. He's not qualified.
BY THE COURT: If you interrupt me one more time when I am talking, I am goint to have you bound and gagged."
. . . . . .
"BY THE COURT: Is the Defense ready for trial?
BY MR. GUARISCO: No. The Defense is not ready for trial.
BY THE COURT: Why not?
BY MR. GUARISCO: The Defense Attorney has not had sufficient time to prepare a defense.
BY THE COURT: Except for your reservation of rights under your motion for a continuance, are you ready for trial?
BY MR. GUARISCO: No.
BY THE COURT: For what other reason are you not ready for trial?
BY MR. GUARISCO: I have not prepared a defense.
BY THE COURT: Well, that is your fault and you and your client shall suffer the consequences, if consequences there be. Call the jury back in please."
After the State's closing argument the following occurred:
"BY MR. GUARISCO: The Defense has no closing argument.
BY THE DEFENDANT: Defense do have a closing argument. Say anything. Say something. Put it on the record.
BY THE COURT: Would you like a short recess?
BY MR. GUARISCO: No, I would not.
BY THE COURT: You have no closing argument?
BY MR. GUARISCO: No, I have none."
Defense counsel was appointed March 21, 1975, and arraignment was held March 27, 1975. On April 11, 1975 defendant was sent to Angola for violation of parole. From May 2, 1975 until May 29, 1975 defendant's appointed counsel was out of the United States attending a meeting of the Louisiana Bar Association. Defendant was returned from Angola June 3, 1975 and the trial commenced June 10, 1975. Thus, from the time of arraignment until trial defendant's court appointed attorney was available to him only nineteen days.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court held the *833 Sixth Amendment right to counsel includes the right of a defendant to represent himself. This is what defendant in the case before us desired to do.
The majority makes no reference to defendant's timely request to represent himself. But defendant has not expressly included this in his motion for a new trial, and it is not an error "discoverable by a mere inspection of the pleadings and proceedings." C.Cr.P. 920. Thus, State procedure prevents consideration of this contention on appeal.
A state procedural default cannot prevent raising a federal constitutional right unless defendant has "knowingly waived" the right. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1964). Defendant's proper remedy for this alleged deprivation of right now lies in habeas corpus.
DENNIS, Justice (dissenting).
Under the facts of this case as outlined by Mr. Justice Dixon in his concurring opinion, I think that the trial court committed grave error in failing to grant defendant's motion for a new trial. La.C.Cr.P. art. 851(5) provides:
"The court, on motion of the defendant, shall grant a new trial whenever:
* * * * * *
"(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right."
Defense counsel's unpreparedness for the trial and apparent lack of interest in defendant's cause demanded that a new trial be granted in the interest of justice. The trial court's failure to grant the motion was an abuse of discretion which amounted to an error of law, subject to this Court's review. State v. Randolph, 275 So.2d 174 (La.1973).
I respectfully dissent.
NOTES
[1] A mistrial may be ordered under article 775(3) when:

There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law.
[2] Article 766 provides:

The opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge.