351 So.2d 474 (1977)
STATE of Louisiana
v.
Louis HOPKINS.
No. 59549.
Supreme Court of Louisiana.
October 10, 1977.
Rehearing Denied November 11, 1977.
*476 Richard V. Burnes, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., Willian E. Tilley, First Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Louis Hopkins was indicted for distribution of a controlled dangerous substance, i. e. heroin, in violation of R.S. 40:966(A). On May 19, 1976 a jury of twelve found defendant guilty as charged; defendant was sentenced to life at hard labor. On appeal the defendant relies on five assignments of error, in addition to an allegation of error patent on the face of the record.
Facts
On January 30, 1976 in Leesville, Louisiana between 10:00 and 11:00 p. m., defendant allegedly delivered a foil package containing heroin to an undercover agent, a State trooper named Carpenter. Defendant was arrested February 12, 1976 and retained counsel on or before February 18, 1976.
Several motions were filed on behalf of the defendant: March 31, 1976petition and order for bill of particulars to which an answer was filed April 9, 1976; April 20, 1976motion for severance and motion for independent examination of the evidence; April 30, 1976motion for continuance; May 4, 1976motion to quash the indictment; May 5, 1976motion and prayer for oyer to which answer was filed May 12, 1976. A hearing was held May 7, 1976 on the motions to quash, for independent examination, for severance and for continuance. The motions to quash and continue were denied, the motion to obtain independent evaluation of evidence was granted, and the motion for severance was taken under advisement. At date of trial, May 17, 1976, defendant presented another motion for continuance and motion to quash, both of which were denied, and trial proceeded. As previously stated, a guilty verdict was returned May 19, 1976, and at hearing on the motion for a new trial defendant was sentenced.
Error Patent on the Face of the Record
Defendant contends that the trial judge failed to comply with the requirements of C.Cr.P. 873 which provides, in pertinent part, as follows:
". . . If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately." (Emphasis added).
Reference to the minutes of court and the trial court's judgment reveals that a motion for new trial was denied on June 2, 1976 and that on that same date defendant was sentenced. However, no entry appears which indicates a waiver by defendant of the twenty-four hour delay period before sentencing. It is clear from the jurisprudence that such a sentence is void, State v. Womack, 273 So.2d 290 (La.1973), *477 and requires a remand for resentencing in accordance with law. State v. Whatley, 320 So.2d 123 (La.1975); State v. Navarre, 292 So.2d (La.1974); State v. Woodfox, 291 So.2d 388 (La.1974). Thus, defendant's contention that a remand is necessary is meritorious.
Assignments of Error Nos. 1 and 4
Defendant argues in two assignments of error that the trial judge abused his discretion in failing to grant motions to continue asserted at different stages of the proceeding.
The first such motion filed April 30, 1976, seventeen days before trial, and argued May 7, 1976 alleged the need for more time to adequately prepare a defense based upon defense counsel's inexperience (he had been admitted to the bar approximately four months prior to being retained and apparently this was his first criminal trial) and the seriousness of the offense, which required mandatory life imprisonment upon conviction.
This ground for continuance fits within the discretionary purview of the trial judge. C.Cr.P. 712 provides:
"A motion to continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor." (Emphasis added).
The jurisprudence is clear that the trial judge has a large measure of discretion unless there is a showing that such discretion has been arbitrarily or unreasonably abused. State v. Smith, 322 So.2d 197 (La.1975); State v. Brewer, 301 So.2d 630 (La.1974).
Reported cases where an abuse of discretion is found in denial of a continuance are rare. In one such case, State v. Winston, 327 So.2d 380 (La.1976), appointed counsel had only three days in which to prepare for trial including an intervening Saturday and Sunday, but such a serious situation is not presented in the instant case. Counsel was retained as early as February 18, 1976 and had approximately sixty days between arraignment on March 19, 1976 and trial on May 17, 1976.
The record reveals that on May 7, 1976, at hearing on the motion, the trial judge recognized that counsel had thus far been diligent in defense of the case and was representing his client well. For example, counsel had been successful on February 20, 1976 in obtaining a significant reduction in bail from $300,000 to $20,000 and had also filed a series of defense motions including motions for bill of particulars, for severance, for independent examination of evidence, to quash the indictment, and a motion and prayer for oyer. Although counsel had only ten days between denial of the motion for continuance and the trial, he initially had about two months from arraignment and three months from the time of retention in which to prepare. In State v. Brewer, supra, three weeks from the time counsel was appointed was deemed adequate, whereas in State v. Smith, supra, ninety days from the arraignment was held to be enough in spite of counsel's need to prepare defenses for other serious charges. Additionally, in State v. Kenner, 336 So.2d 824 (La.1976), continuance was denied where counsel had thirty-five working days to prepare.
Defendant's counsel makes no showing or allegation that through additional time he would have been able to procure additional exculpatory evidence or would have been able to present a better case for his client. Furthermore, the trial of this matter involved the fairly straightforward issues of whether a sale was made, whether it was made by defendant, and whether the substance was heroin. Preparing a defense on these issues should not have created the kind of time problems that might arise with more complicated factual issues. The trial judge's denial of the motion to continue, based upon the finding that the admittedly inexperienced attorney had been representing his client well in the time available, was not an arbitrary or unreasonable abuse of discretion.
Defendant's second motion to continue was orally introduced before commencement of the voir dire examination of *478 jurors, the trial judge allowing until that afternoon for submission of a written motion. Defendant contends an abuse of discretion in denial of a continuance based upon the allegation that testimony of a defense witness, Clarence Williams, a co-defendant in this case, was crucial to the defense. Where motion for continuance is based upon absence of a witness, the motion must state:
". . .
"(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
"(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
"(3) Facts showing due diligence used in an effort to procure attendance of the witness." C.Cr.P. 709.
In defendant's written motion he satisfied the requirements of subparagraph (1) of article 709 by alleging the witness would be able to testify as to the following exculpatory facts: (1) that defendant was not present at the time of the alleged offense; (2) that individuals other than defendant were present, i. e. the witness, an undercover informant, and a State trooper; (3) that the undercover informant was a known drug addict; (4) and the witness overheard the informant state that a substance he was giving the trooper had been obtained from the witness rather than the accused. This sufficiently identifies the testimony the witness would be able to offer, if available.
The State contends that since co-defendant Williams could invoke his Fifth Amendment right and refuse to testify that defendant has not satisfied the requisite showing on a motion to continue based on the absence of a witness. However, article 709(1) requires a showing of facts the witness is "expected to testify" to but does not demand a showing that the witness absolutely will so testify.
Defendant has satisfied subparagraph (3) of article 709 by showing due diligence in attempting to procure Williams' attendance at trial. Williams' absence was due to his having forfeited bond and fled prosecution in this case. Defendant's counsel was not able to subpoena Williams in spite of checking with law enforcement officers, Williams' bondsman and Williams' girlfriend.
The difficulty arises with the requirement in subparagraph (2) of article 709 that defendant show a probability that the witness will be available at the time to which continuance is granted. Defendant argues that State v. Dickerson, 282 So.2d 456 (La.1973) is applicable. In Dickerson a conviction was reversed due to denial of a new trial where motion to continue based upon absence of a material witness had been denied. Dickerson's facts are distinguishable, however, in that the witness was available at the time of the motion for a new trial, and it was clear that his testimony would corroborate defendant's position.
In his motion, defendant's counsel alleges that allowance of additional time would provide an opportunity to locate Williams. This merely presented a possibility that the witness would be available at some later date rather than the probability of availability required by article 709(2).
No abuse of discretion was shown in the trial court's denial of either of the motions to continue. The assignments lack merit.
Assignment of Error No. 2
Defendant contends the trial judge abused his discretion in denying his motion to quash the indictment based upon the allegation that the bill of particulars supplied by the State was inadequate.
Defendant was charged by short form indictment which entitled him to a bill of particulars from the State. State v. Bailey, 261 La. 831, 261 So.2d 583 (1972). The State furnished an answer to defendant's petition for bill of particulars on April 9, 1976, and defendant objected to the insufficiency or lack of answers to seven questions posed in the petition.
*479 On appeal defendant objects only to the State's failure to answer the following question:
"Does the State possess any exculpatory evidence favorable to defendant?"
In argument on the motion to quash, the State responded that it did not possess any exculpatory evidence. Furthermore, it asserted, an adequate response had been given in its answer which stated:
". . ."
"The State possesses no statements written or on tape made by the defendant.
". . ."
This statement was in response to question number six which asked:
"Does the State possess any statements, either written or on tape, by the defendant, and if so, will the State make same available to petitioner?"
The trial judge, in denying defendant's motion to quash, was obviously satisfied that the answers supplied by the State were adequate. The granting a motion for bill of particulars is a matter that rests within the sound discretion of the trial judge. His ruling will not be disturbed absent a clear showing of abuse resulting in prejudice to the accused. State v. Huizar, 332 So.2d 449 (La.1976); State v. Nelson, 306 So.2d 745 (La.1975); State v. Bailey, 261 La. 831, 261 So.2d 583 (1972).
The State's answer that it possessed no statements by the defendant may not have been totally responsive to a request for exculpatory evidence which could reach well beyond defendant's own statements. However, defendant makes no claim that there was any such evidence in the State's possession. Nor is there any contention made, if there was exculpatory evidence which the State refused to disclose, that defendant's failure to obtain this evidence from the State prejudiced his case.
There was no abuse of the trial court's discretion in denying the motion to quash which would authorize this court to reverse the conviction. The assignment is without merit.
Assignment of Error No. 3
Defendant contends that the provision for mandatory life imprisonment at hard labor for distribution of heroin, R.S. 40:966(B)(1), is unconstitutional per se and that his motion to quash the indictment on that ground should have been granted. He alleges that imposition of such a penalty violates the 1974 Louisiana Constitution's prohibition against "cruel, excessive, or unusual punishment." Article 1, § 20. (Emphasis added). The trial judge, in denying the motion, refused to make a determination on the constitutionality of the act.
The constitutionality of R.S. 40:966(B) has been sustained previously. State v. Stetson, 317 So.2d 172 (La.1975).
In State v. Whitehurst, 319 So.2d 907 (La.1975), this court noted that those convicted under this statute still have available to them probation and parole, and that failure to consider mitigating circumstances does not render the punishment cruel, unusual or excessive. See also, State v. Perkins, 337 So.2d 1145 (La.1976). The federal courts have also upheld this statute's constitutionality. Louisiana Affiliate of NORML v. Guste, 380 F.Supp. 404 (E.D.La.1974), aff'd, 511 F.2d 1400 (5th Cir. 1975), cert. denied, 423 U.S. 867, 96 S.Ct. 129, 46 L.Ed.2d 96 (1975).
Defendant raises no arguments regarding the statute's constitutionality that have not been considered previously. The assignment is without merit.
Assignment of Error No. 5
Defendant contends that the trial judge's ruling on his motion for an independent examination of the alleged heroin was prejudicial error in that the time limit set did not afford sufficient time for the examination and did not set guidelines for the examination.
Defendant filed the motion on April 20, 1976, for which hearing was set for May 7, 1976. The trial judge granted defendant's motion which would have given defendant ten days until trial within which to obtain the independent examination. Defense *480 counsel's own testimony at the hearing revealed contacts for obtaining the examination had been made, and specifically, that one laboratory in Baton Rouge, where the substance was located, had indicated a willingness to conduct the tests. Defendant made no objection at the time the motion was granted to the insufficiency of the time, nor was a motion to continue based on these grounds ever filed.
Defendant argues that the trial judge's failure to set guidelines or to grant more time to conduct the examination resulted in the denial of a realistic independent examination. Thus, he contends, the conviction should be reversed.
Defendant's contention is without merit. Defendant is correct that where the offense charged is possession or sale of a prohibited substance that defendant may have a small amount of the drug for independent, pretrial inspection where a sufficient amount of the evidence exists. State v. Migliore, 261 La. 722, 260 So.2d 682 (1972). Guidelines should be fixed, if necessary, to control the time, place and manner of inspection.
However, C.Cr.P. 841 requires that objections must be made at the time of occurrence in order to give the judge an opportunity to correct any error. A new basis for an objection cannot be raised for the first time on appeal. State v. Marks, 337 So.2d 1177 (La.1976); State v. Powell, 325 So.2d 791 (La.1976).
Paragraph two of article 841, which provides that objection to the court's ruling on a written motion is unnecessary, is inapplicable here. The Official Revision Comment to article 841 makes clear that objections are not needed when written motions have been filed since the court and the other party would be put on notice of the objection by the very filing of the motion. Such cannot apply where a motion is granted in that there would be no reason for either the judge or adverse party to expect the moving party to be distressed by the ruling. Therefore, objection was necessary.
Had defendant moved to continue at the moment of trial on the basis that the time for procuring the independent examination had proven insufficient, he may have been able to show good grounds to convince the trial judge to grant it. Since no such motion was made and since defendant did not urge his objection either at the time of the alleged error, or upon his motion for a new trial, the issue is not properly before the court for review.
The assignment is without merit.
Decree
For the reasons assigned, we affirm the conviction and remand to the trial court for resentencing in accordance with C.Cr.P. 873.