319 So.2d 407 (1975)
STATE of Louisiana
v.
Frankle Jean GUINN.
No. 56288.
Supreme Court of Louisiana.
October 1, 1975.
Leo A. Miller, Jr., McIntosh, Fox & Miller, Lake Providence, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., C. R. Brackin, Asst. Dist. Atty., for plaintiff-appellee.
*408 DIXON, Justice.
The defendant, Frankie Jean Guinn, was charged by bill of information dated November 6, 1974 with the crime of aggravated battery upon one Calvin Cole. She was convicted in a jury trial on March 3, 1975 and was sentenced to serve a term of three years in the State penitentiary for women. On appeal the defendant relies on two specifications of error, both relating to the charge to the jury. We find merit in Specification of Error No. 1.
Specification of Error No. 1
The defendant admitted stabbing Cole in the shoulder and chest on October 20, 1974 while the two were in a bar in Sondheimer, in East Carroll Parish. However, the defendant contended that Cole came at her with a knife, whereupon she drew her knife from her purse and stabbed him in self-defense. In his charge to the jury, the judge set out the applicable law as to selfdefense as follows:
"The defendant has interposed the plea of self-defense.
"If the accused did not provoke the difficulty and entertained a reasonable belief on the surrounding circumstances that it was necessary to kill the deceased in order to save his own life or to prevent great bodily harm, then the killing would be justifiable homicide and the accused would not be guilty of murder or manslaughter. However, that reasonable belief must be based upon a hostile demonstration by the deceased or on a physical attack which would reasonably justify the accused in believing that his life was about to be taken or that he was about to receive great bodily harm.
"A person who is the aggressor or who beings (sic) on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict."
This is an incorrect standard to be applied in this case, since no death in fact occurred. R.S. 14:19 sets out the standard to be applied in determining whether the use of force or violence on the person of another is justified, when such force or violence does not result in death:
"The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide."
Thus, for the force or violence to be justified, the use of such must have been reasonable (an objective standard) and apparently necessary (a subjective standard). Therefore, if a person believed force was necessary to protect himself against an offense against his person, and the force he used in protecting himself was reasonable under the circumstances, then his use of force is justified.
However, when the use of force or violence results in a homicide, the standard is stricter than "reasonable and apparently necessary" in determining if the force used was in fact justified. R.S. 14:20 states:
"A homicide is justifiable:
"(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger;"
Under this standard, the use of force or violence is justified in self-defense only if *409 the person reasonably believed (objective) that he was in imminent danger of losing his life or receiving great bodily harm and that deadly force was necessary to save himself.
It is clear that the statutes contemplate two different standards for two different situations. In the instance where no homicide results, as is the case here, the use of force or violence in self-defense is justified when the amount used is reasonable and it is apparently necessary to use such force to protect oneself. On the other hand, when a homicide results from the use of force or violence, it is justified as self-defense only if the person reasonably believed he was in imminent danger of losing his life or receiving great bodily harm and that deadly force was necessary to save his life.
Applying what we have said to the facts of this case, we determine that the jury could have been misled by the judge's erroneous charge. The jury might have been led to believe that the defendant's plea of self-defense would avail only if she were in imminent danger of losing her life or suffering great bodily harm and only if stabbing Cole was necessary under the circumstances to save her life. Under a correct charge as to the applicable law, the jury could have determined she acted in self-defense, if the use of force was apparently necessary, i. e., she believed she was in danger of being attacked, and the force she used was reasonable under the circumstances. It was not necessary that the defendant reasonably believe that she was in imminent danger of death or great bodily harm.
In the case of State v. Bailey, 261 La. 831, 261 So.2d 583, 587 (1972), we held:
"The purpose of charging the jury is to inform them of the law and, at the same time, give both the defendant and the State an appraisal of the law that is fair. Neither the State nor the defendant has a right to choose the particular language to be used in charging the jury. Their right is limited to having the jury properly charged on the law. . . ."
By charging the jury as to the standards for self-defense applicable when a homicide is the result, the judge failed to give the defendant that fair appraisal of the law spoken of in Bailey. The defendant has the right to have the jury properly charged on the law applicable to his case. State v. Bailey, supra. Because the jury was not so charged, the defendant's conviction cannot stand.
For the reasons assigned, the conviction and sentence are set aside and the case is remanded.
SUMMERS, J., dissents.