427 So.2d 1161 (1983)
STATE of Louisiana
v.
Clara FREEMAN.
No. 82-KA-0498.
Supreme Court of Louisiana.
February 23, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Sturgeon, Dist. Atty., Ronald Kilgarlin, Asst. Dist. Atty., for plaintiff-appellee.
H.R. Jenkins, III, Helen G. Roberts, Gravel, Robertson & Brady, Alexandria, for defendant-appellant.
CALOGERO, Justice.
Defendant Clara Freeman was indicted by a Concordia Parish Grand Jury for aggravated battery, in violation of La.R.S. 14:34. She was convicted as charged by a six-person jury. A presentence investigation was ordered; defendant was sentenced to a term of five years' imprisonment, sentence suspended. She was placed on active supervised probation for five years with four special conditions of probation.
Defendant appealed her conviction and sentence arguing six of eight assignments of error filed below. We find that her assignments lack merit. Therefore, we affirm defendant's conviction and sentence.
In the opinion proper we will treat assignment of error number six. The remaining assignments of error involve legal issues governed by clearly established principles of law. They will be treated in an appendix which will comprise part of the record of this case, but will not be published.
The facts of the occurrence which prompted Clara Freeman's indictment for the aggravated battery of her former husband Ronnie Freeman were as follows: Clara and Ronnie had separated in November of 1978. The record is replete with their confrontations and disputes over the status of their relationship and over the care and custody of their two minor daughters. Ronnie Freeman testified that on April 1, 1979 he had made tentative plans with one daughter to pick her up at her mother's house. After unsuccessfully trying to telephone the house for three hours that evening, he went there and discovered that his wife Clara was not there, but that someone was watching the children. Ronnie went looking for Clara in Natchez. He *1162 testified that he found her outside a bar with another man. Ronnie and Clara apparently spoke, and argued, although the details of the encounter are in dispute. Ronnie then returned to Clara's house, while Clara went to the Vidalia Police Station to obtain assistance. After being dispatched to the Freeman house, Lieutenant McDonald was stopped on his way by Clara. He testified that he accompanied Clara to the house in order to persuade Ronnie to leave. Clara pulled her car onto the driveway and Officer McDonald drove in behind her. Clara exited the car only to stand with the opened car door still in front of her. Ronnie, who had been sitting in his truck, approached Clara and Lt. McDonald.
McDonald testified that Ronnie was angry and was cursing Clara for being at a club and for not spending time with the children. Ronnie insisted that he take his children out of the house. Lt. McDonald knew that Clara had custody of the children and the right to reside in the house, and told Ronnie he would have to leave.[1] Ronnie persisted; McDonald informed him that he would be taken to jail if he did not leave. At that point Ronnie turned to go toward the house; McDonald stepped past Ronnie, placing himself between Ronnie and Clara. Clara, who was still standing behind the open door of her car, was situated to McDonald's left about four feet from Ronnie. Ronnie was pushed backward and apparently his arms went into the air. When McDonald gave Ronnie the push, the shot was fired. McDonald then took one step and grabbed the pistol out of Clara's two hands. Ronnie, who had been shot in the groin area, was taken to the hospital.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. The sole question presented was whether the defendant was legally justified in her use of force under La.R.S. 14:19[2] and thereby absolved from culpability. It is well settled that the standard of review in considering the sufficiency of the evidence to support a criminal conviction is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In their respective briefs the State and the defense in this case suggest that the standard of review on appeal is whether a rational fact finder, viewing the evidence most favorably to the prosecution, could have concluded that the defendant failed to prove by a preponderance of the evidence, that she acted in self defense. This assertion is apparently derived from State v. Landry, 381 So.2d 462 (La.1980), which held that in a non-homicide case the affirmative defense of self-defense need be established "only by a preponderance of evidence, not beyond a reasonable doubt as is incumbent on the state to prove defendant's guilt." Id. at 467. See also State in Interest of White, 411 So.2d 537 (La.App. 1st Cir.1982).
The language which we employed in that opinion implied that the burden of proof in establishing self-defense in a non-homicide case is upon defendant. The opinion, however, does not expressly so state.
Different statutory standards do exist to justify the use of force or violence under La.R.S. 14:19 and R.S. 14:20[3] depending upon whether or not a homicide results.
In the instance where no homicide results, as is the case here, the use of force *1163 or violence in self-defense is justified when the amount used is reasonable and it is apparently necessary to use such force to protect oneself. On the other hand, when a homicide results from the use of force or violence, it is justified as self-defense only if the person reasonably believed he was in imminent danger of losing his life or receiving great bodily harm and that deadly force was necessary to save his life. State v. Guinn, 319 So.2d 407, 409 (La.1975).
In the non-homicide situation, the defense of self-defense requires a dual inquiry; an objective inquiry into whether the force used was reasonable under the circumstances; a subjective inquiry into whether the force was apparently necessary.[4]State v. Landry, supra; State v. Ford, 368 So.2d 1074 (La.1979); State v. Guinn, supra.
There is apparently no Louisiana jurisprudence distinguishing the burdens of persuasion applicable to self-defense in homicide and non-homicide situations.
The burden of persuasion in proving selfdefense in a non-homicide situation pursuant to La.R.S. 14:19, which entails a subjective as well as an objective inquiry, could arguably, in fairness to the State, be upon the defendant, since a subjective inquiry is involved.[5]
We need not, however, in this case, definitively resolve this narrow legal issue, for irrespective of who bears the burden in this case, and even assuming that the State has the burden of proving beyond a reasonable doubt in this non-homicide situation that defendant did not act in self-defense, we conclude that the State has carried its burden of proof.
According to Lieutenant McDonald's testimony, when he first encountered the defendant on April 1, 1979 on the street not far from her home, she said that "she wasn't going to take it from him any more *1164 ... and if she had to, she'd shoot him.". McDonald then told Clara he would handle the problem. The officer was armed with a .357 Magnum and had asked a friend to come along as back up. McDonald testified that when they arrived at the house an argument began and Ronnie was angry, cursing at Clara. He stated that while Ronnie demanded the children, he had made no physical threats of abuse toward Clara. It was also established that the only time Ronnie Freeman raised his hands was after McDonald pushed him and he went "offbalance." The officer testified that this was not an offensive movement toward Clara. At no time did the victim exhibit a weapon. The defendant testified that when Ronnie's arm went up, his body came toward her and she shot. She stated she did not even realize that she had pulled the trigger. On rebuttal, Lieutenant McDonald testified that when he asked Clara whether Ronnie was coming toward her at the time the shot was fired, she had replied: "He didn't have ... he didn't have his hands at my throat, but he was on that side of the car." When asked if she had anything else to add, she had told the officer: "Well, I think I should have shot a little higher."
Clara Freeman was protected by a policeman who had dealt with Ronnie before; she was not confronted with direct physical abuse by her ex-husband. She was positioned so that she could have gotten back into her car. It is clear under the facts and circumstances of the shooting that a rational fact finder, viewing the evidence in the light most favorable to the prosecution, could have found proof of guilt beyond a reasonable doubt.
Therefore, this assignment lacks merit.

Decree
For the foregoing reasons, defendant Clara Freeman's conviction and sentence are affirmed.
AFFIRMED.
DIXON, C.J., concurs with reasons.
MARCUS and LEMMON, JJ., concur and assign reasons.
DIXON, Chief Justice (concurring).
I respectfully concur, disagreeing with the treatment of Assignment 5.
It is not necessary, to satisfy the "contemporaneous objection" requirement of C.Cr.P. 841, to object to an adverse ruling on an objection made by the prosecution, if the action desired and the reasons therefor are made known to the court. Such a requirement would reinstate the old "bill of exceptions" rule. Actual acquiescence in the ruling will, however, preclude review.
MARCUS, Justice (concurring).
I concur, being of the opinion that the burden of proving that the use of force or violence is justified in non-homicide cases as an affirmative defense under La.R.S. 14:19 is on the defendant. I agree that the defense need only be established by a preponderance of the evidence, not beyond a reasonable doubt as is encumbent on the state to prove defendant's guilt.
LEMMON, Justice, concurring.
I concur in the result, but believe that the burden of proof of self-defense or justification should clearly be placed on the defendant.
Unlike the defenses of mistake of fact (La.R.S. 14:16) or voluntary intoxication (La.R.S. 14:15), for example, the defense of "self defense" does not defeat any of the essential elements of the offense charged. In relying on self-defense, the defendant does not challenge the existence of any of the elements of the offense charged.[1]
The prosecution's burden in the present case was to prove beyond a reasonable *1165 doubt that the defendant committed each element of the offense charged. In my opinion the defendant, in order to overcome the prosecution's proof, had the burden to establish (by a preponderance of evidence) that she acted on the basis of a reasonable belief that her use of force or violence was both reasonable and apparently necessary to prevent a forcible offense against her person. This approach does not have the effect of shifting the burden of proof to the defendant to disprove any elements of the offense.[2] Rather, this approach construes the provisions of La.R.S. 14:19 as an "affirmative defense" to be established by the defendant.[3] See Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).
NOTES
[1] Officer McDonald was familiar with the Freeman's domestic problems; he had been called to the house before.
[2] La.R.S. 14:19 provides:

The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.
[3] La.R.S. 14:20(1) notes that a homicide is justifiable:

When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger....
[4] Conversely in the homicide situation pursuant to La.R.S. 14:20 the defense of self-defense requires only an objective inquiry into whether defendant "reasonably believes that he is in imminent danger of losing his life ... and that the killing is necessary...." La.R.S. 14:20(1).
[5] In a detailed analysis of affirmative defenses in Lafave and Scott, Criminal Law 48-49 (1972), the claim of self-defense is discussed.

.... On the one hand, there are defenses which go directly to negative the existence of one of the essential elements of the crime. If it is true, as the court said in Winship, that the prosecution must prove those essential elements, then it would seem to follow that the prosecution must also have the burden of persuasion as to the nonexistence of a defense which by its terms asserts that one of those elements was not present. For example, it is clearly a denial of due process to characterize alibi as a defense and then place the burden of persuasion on the defendant, for an alibi defense is nothing more than a denial that the defendant committed the crime. Likewise, in view of the substantial overlap of the insanity defense with the absence of an essential mental state, it would seem that here as well the burden of persuasion must rest with the government, and the Winship case strongly intimates that this is so.
Somewhat different, however, is another category of defense, that in which the defendant is not claiming the nonexistence of one of the essential elements of the crime itself, but rather is claiming some traditional form of excuse or justification. For example, if the defendant interposes a defense of self-defense to a charge of murder, he is not contending that the victim died other than as a result of his actions or that he lacked the mental state which will suffice for the crime of murder; rather, he is claiming the existence of circumstances which, in the eyes of the law, make the killing a justifiable one on policy grounds. That is a category in which the due process issue could certainly be argued either way, and must be distinguished from yet a third category of defenses.
This third category is difficult to define but in general it might be said that the existence of the defense in the law and the placing of the burden of persuasion on the defendant with respect to it may fairly be said to be a result of a compromise of divergent views on substantive issues. That is, creation of the defense with the burden on the defendant can be fairly seen to be a sensible middle position between a much broader statute or a strict-liability-type of statute, on the one hand, and, on the other, a statute recognizing the defense and placing an impossible burden on the prosecution to establish the existence of facts within the special knowledge of the defendant. (footnotes omitted) (emphasis provided).
[1] A defendant relying on the defense of self-defense in a case of aggravated battery does not contend that he did not intentionally use force or violence against the person of another, or that a dangerous weapon was not used to administer the force or violence; rather, such a defendant contends that his use of force or violence was "justifiable", based upon his own reasonable apprehension of danger.
[2] When the appropriate case is presented, I believe that this court should reconsider the previous approach in homicide cases, which is inconsistent with a conclusion that self-defense is an affirmative defense. See State v. Patterson, 295 So.2d 792 (La.1974). I am not persuaded at this point that homicide and nonhomicide cases can be distinguished on the basis that La.R.S. 14:19 has both an objective and subjective standard, while La.R.S. 14:20 incorporates a strictly objective standard.
[3] Compare Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). For other examples of "affirmative defenses" in our statutes, see La.R.S. 14:69 (as amended by Acts 1982, No. 552) and La.R.S. 14:63 (as amended by Acts 1981, No. 78). Insanity at the time of the commission of the offense (La.R.S. 14:14) is also treated as an affirmative defense. La.C. Cr.P. Art. 652.