499 So.2d 549 (1986)
STATE of Louisiana, Appellee,
v.
Dennis SLAYTON, Appellant.
No. 18253-KA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
*550 Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty. by Gay Caldwell and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before FRED W. JONES, Jr., SEXTON and HEARD (Ad Hoc), JJ.
PER CURIAM.
Pursuant to a plea bargain, defendant Slayton pled guilty to second degree battery (La.R.S. 14:34.1). In exchange another battery charge was dismissed. Defendant was sentenced to five years at hard labor without benefit of parole. Slayton appealed his sentence, contending it was excessive because the trial judge erred in applying La.C.Cr.P. 893.1 (the firearm enhancement statute), and because he had no pretrial notice of the proposed application of the article. For the following reasons, we vacate the sentence and remand for resentencing.
In June 1985, Slayton and his brother began a verbal altercation with the victim regarding the return of a shotgun belonging to the Slaytons. When the victim suggested another location for the return, the Slaytons pulled out small caliber handguns and began shooting at the victim, striking him in the neck and arm. Dennis Slayton was subsequently arrested and charged in the incident.
During acceptance of the guilty plea, Slayton was informed of the judge's intention to apply the provisions of La.C.Cr.P. 893.1. There was no notice by the prosecution and at sentencing the trial judge described the sentence as "required." The State attempted to show defendant had notice of the anticipated application of the article when the judge so stated during the defendant's guilty plea.
In State v. Jackson, 480 So.2d 263 (La. 1985), our State Supreme Court held, with reference to Article 893.1, that the prosecutor must notify the defendant in writing prior to trial of his intent to invoke the article by calling on the trial judge prior to sentencing to make a finding that a firearm was used in the commission of the charged felony. However, this rule was made prospective only, except in cases of particular prejudice caused by the lack of pretrial notice.
The question of the prospective application only of Jackson was reconsidered by the Supreme Court in State v. Allen, 496 So.2d 301 (1986) and changed with this holding:

*551 "We now explicitly reconsider the pronouncement on retroactivity in Jackson and conclude that due process notice considerations do indeed form the basis for the requirement that the prosecutor notify the defendant a reasonable period of time in advance of trial of his intention to seek enhancement of the sentence by application of Article 893.1."
According to Allen, the Jackson rule is "entitled to at least limited retroactivity." Also see State v. Shows, 488 So.2d 992 (La.1986).
In the case at bar, during acceptance of the guilty plea the trial judge informed Slayton of the intended application of the statute. The prosecution never requested it and we interpret Allen to require that if the firearm enhancement statute is going to be applied at sentencing, the defendant must have pretrial notice from the prosecution. Consequently, that portion of defendant's sentence providing for lack of parole is improper.
Additionally, the trial judge ordered a presentence investigation, but then merely mentioned he had read it and the report contained no indication of a significant prior criminal record. We thus have no basis on which to decide if the sentence was excessive because the trial judge has failed to state his reasons for the sentence. He merely asserted, several times, that the sentence was "required." In light of our holding on the failure to provide notice regarding La.C.Cr.P. 893.1, the trial judge was incorrect in finding any sentence was "required."
To merely vacate that portion of the sentence providing for lack of parole would not do justice in this case. The trial judge may have imposed a lesser sentence if he had not thought the sentence given was mandatory. We therefore vacate the sentence in its entirety and remand the case for resentencing in accordance with this opinion.