499 So.2d 551 (1986)
STATE of Louisiana, Appellee,
v.
Evelyn Denise MASON, Appellant.
No. 18186-KA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
*552 Indigent Defender Office by Richard C. Goorley, Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Terry L. Lindsay, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before FRED W. JONES, JR., and SEXTON, JJ., and HEARD, J. Pro Tem.
SEXTON, Judge.
The defendant, originally charged with attempted second degree murder, was convicted after a jury trial of the offense of aggravated battery. The trial judge invoked LSA-C.Cr.P. Art. 893.1 and sentenced the defendant to five years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals her conviction and sentence based on three assignments of error. We affirm her conviction, vacate the sentence and remand to the trial court for resentencing.
The incident giving rise to the defendant's conviction occurred on October 28, 1985, at the Xanadu Night Club in Shreveport. While the evidence is conflicting, it is undisputed that Debbie Price was shot with a pistol during a series of events which occurred at the door and parking lot of the club as the patrons were leaving subsequent to closing. The defendant earlier had engaged in an argument with the victim, Debbie Price, and also with Teresa Smith in the restroom.
After the incident, the defendant left the bar. She "turned herself in" two days later, advising of the location of the offending weapon at that time.

ASSIGNMENT OF ERROR NO. 1
The defendant contends that the trial court erred in imposing a mandatory sentence of five years' imprisonment at hard labor without benefit of parole, probation or suspension of sentence. More specifically, the defendant asserts that the trial court failed to state, as required by LSA-C. Cr.P. Art. 893.1, that a firearm was used in the commission of a felony and, further, that the trial judge failed to state the considerations enumerated under LSA-C.Cr.P. Art. 894.1.
On the same date of the decision of this case, this same panel has handed down State v. Slayton, 499 So.2d 549 (La.App. 2d Cir.1986), discussing this same issue in the following terms:
In State v. Jackson, 480 So.2d 263 (La. 1985), our State Supreme Court held, with reference to Article 893.1, that the prosecutor must notify the defendant in writing prior to trial of his intent to invoke the article by calling on the trial judge prior to sentencing to make a finding that a firearm was used in the commission of the charged felony. However, this rule was made prospective only, except in cases of particular prejudice caused by the lack of pretrial notice.
The question of the prospective application only of Jackson was reconsidered by the Supreme Court in State v. Allen, 496 So.2d 301 (La.1986), and changed with this holding:
We now explicitly reconsider the pronouncement on retroactivity in Jackson and conclude that due process notice considerations do indeed form the basis for the requirement that the prosecutor notify the defendant a reasonable period of time in advance of trial of his intention to seek enhancement of the sentence by application of Article 893.1.
According to Allen, the Jackson rule is entitled to at least limited retroactivity. Also see State v. Shows, 488 So.2d 992 (La.1986).
*553 In the case at bar, just as in State v. Slayton, the trial court invoked LSA-C. Cr.P. Art. 893.1 to enhance the defendant's sentence on its own initiative. Just as in State v. Slayton, we interpret State v. Allen, supra, and State v. Shows, 488 So.2d 992 (La.1986), to require that if the firearm enhancement statute is to be applied at sentencing, the defendant must have pre-trial notice from the prosecution.
As Professor Cheney Joseph points out in his upcoming law review article, requiring pre-trial notice from the prosecution comports with Louisiana's concept that the district attorney is the state's lawyer in criminal matters with unlimited discretion to fully prosecute or to "settle the case." As the Professor notes, "the prosecutor... is charged with the duty of protecting the state's right to insist that the full measure of punishment be levied against the defendant." Joseph, Developments in the Law 1985-1986, Criminal Procedure, 47 La.L.Rev. 267 (1986).[1]
We, likewise, just as in State v. Slayton, supra, vacate the sentence imposed and remand to the trial court for resentencing because the trial court understandably viewed the imposition of LSA-C. Cr.P. Art. 893.1 as being mandatory and thus gave no further reasons for its sentence.

ASSIGNMENT OF ERROR NO. 2
Here, the defendant contends that the trial court erred in failing to grant defendant's motion for a post-verdict judgment of acquittal based on LSA-C.Cr.P. Art. 821(B). This article is a codification of the United States Supreme Court decision in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The defendant contends initially in arguing this assignment that the state has failed to carry its burden of proving that the defendant did not act in self-defense in the incident in question. The defendant secondarily contends that irrespective of the issue of self-defense, the evidence is insufficient to support a conviction. A review of the evidence is necessary for an evaluation of these contentions.
The victim, Debbie Price, testified that she, Teresa Smith and the defendant had an argument "early on" in the evening in the bathroom of the club. Debbie Price testified that as they were walking out of the club, the defendant was in front of them. Price stated that as the defendant turned around, she noticed that the defendant had a gun. At this time Price said she threw her hands up as she was shot. She also testified that she saw no one threaten or strike the defendant. She stated that she held nothing that could be used as a weapon. She further stated that after she was shot, she saw a purse belonging to Teresa Smith "go up" and evidently strike defendant on the side of the head. She concluded by stating that after she was shot she saw defendant chasing and shooting at Teresa Smith while running across the parking lot.
Teresa Smith testified that she and the defendant had an altercation the previous evening. She further testified that when she walked out of the club that Saturday night, she had a bottle and her purse in her hands. She claimed that defendant was walking in front of her and Debbie Price. About this time, Smith heard a gunshot. She stated that she never saw anybody assault the defendant. However, she said that after the gunshot, she hit the defendant with the bottle she was holding in her hand. She stated that before Debbie got shot she did nothing to threaten Evelyn Denise Mason.
She said the reason that she hit the defendant was that she was afraid that defendant was going to shoot her. She also stated that after she hit Evelyn, the defendant began chasing her down the parking lot.
*554 Ms. Smith conceded that she originally had told the police that the defendant swung around and hit the victim, after which the victim hit the defendant and was then shot. At trial, however, she stated that she may have been mistaken and perhaps the victim simply threw her arms up and she assumed the defendant had hit the victim. She stated that there was no struggle at the time the victim was shot. She did state that the victim hit the defendant or threw her arms up, but claims that this action occurred after the gunshot.
Dwight Payne testified that he was present at the time the club closed. He took Teresa Smith to the police station after the incident. Payne testified he did not see the shooting but knew that the victim was in front of him and he heard a gunshot. He further stated that he did not see a scuffle in front of him before the shot and heard one or two shots fired after the initial shot. He also stated he saw the defendant and Teresa Smith going north across the parking lot after the victim was shot.
Diane Bolton confirmed the argument in the bathroom. She stated that although there was no further incident in the bar, she was concerned that further trouble would occur.
Ramona Theus testified that she had earlier heard Teresa Smith say that she was "going to get Evelyn." She said she saw Teresa Smith walk up behind the defendant and hit her on the back of the head with a bottle prior to the initial gunshot. After that shot she said she saw Teresa and Evelyn running across the parking lot with Evelyn firing in the air.
The defendant, Evelyn Denise Mason, stated that after she entered the bar, Teresa Smith threatened her without provocation. She stated that as she walked out of the bar she was hit on the left side of her head. She assumed that she had been struck with a pistol and pulled the gun out of her purse. She stated she intended to shoot in the air. She emphasized that at the time of the incident that people were jumping on her back and hitting her as patrons were exiting the club.
As to the defendant's first contention, the Louisiana jurisprudence has skirted the issue of who must carry the burden of proof applicable to self-defense in a nonhomicide case. In State v. Freeman, 427 So.2d 1161 (La.1983), the Louisiana Supreme Court dealt with a defendant who had asserted self-defense to an aggravated battery charge and who was subsequently convicted. Although the Louisiana Supreme Court failed to resolve the issue of who has the burden of proof with respect to self-defense in a non-homicide case, the court stated:
There is apparently no Louisiana jurisprudence distinguishing the burdens of persuasion applicable to self-defense in homicide and non-homicide situations.
The burden of persuasion in proving self-defense in a non-homicide situation pursuant to La.R.S. 14:19, which entails a subjective as well as an objective inquiry, could arguably, in fairness to the State, be upon the defendant, since a subjective inquiry is involved. [Footnote omitted]
Likewise, under similar factual circumstances this court took a similar position in State v. Zeno, 469 So.2d 337 (La.App.2d Cir.1985), writ denied 474 So.2d 1303 (1985).
The latest statement on whom the burden should fall when self-defense is asserted in a non-homicide case is found in State v. Barnes, 491 So.2d 42 (La.App. 5th Cir. 1986). In that case, the defendants were charged with attempted second degree murder and subsequently convicted of aggravated battery. Following a thorough analysis of the issue, the Barnes court held that the trial judge in that non-homicide case had correctly placed the burden of proving self-defense by a preponderance of the evidence on the defendant. The Barnes court, at page 47, stated:
This court holds that a defendant in a non-homicide case in Louisiana has the burden of production as well as the burden of persuasion when self-defense or defense of another is asserted as a defense. We feel that self-defense and defense *555 of another are affirmative defenses similar to the insanity and entrapment defenses. Furthermore, there is an additional reason for this court holding that a defendant in a non-homicide case in Louisiana has the burden of persuasion as well as of production when self-defense or defense of another is asserted as a defense. As stated in Freeman, supra, "[i]n the non-homicide situation, the defense of self-defense requires a dual inquiry; an objective inquiry into whether the force used was reasonable under the circumstances; a subjective inquiry into whether the force was apparently necessary." [footnote omitted]. State v. Landry, [381 So.2d 462 (La.1980)] supra; State v. Ford, 368 So.2d 1074 (La. 1979); State v. Guin, [319 So.2d 407 (La.1975)] supra." 427 So.2d 1161, 1163. Thus, since the subjective inquiry is required, it is the defendant who would be in a better position to know those subjective facts. In fairness to the state this court believes that it would be placing an onerous burden on the state to disprove subjective influences on the defendant as it relates to self-defense or defense of another especially since the defendant has these facts at his disposal to produce to the court.
While we are inclined to agree with State v. Barnes, supra, and believe that the defendant has the burden of proof in a non-homicide case,[2] we determine, as did the Louisiana Supreme Court in State v. Freeman, supra, that irrespective of who bears the burden in this case, the defendant is not availed.
A determination that the evidence, when viewed in the light most favorable to the prosecution, is sufficient for a reasonable trier of fact to determine that the state sufficiently proved the defendant was not acting in self-defense, likewise resolves the secondary issue under this assignment of whether the evidence when viewed in the light most favorable to the state is sufficient to support the elements of the offense of which the defendant was convicted. The evidence is thus sufficient. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
Here, the defendant contends that because she was convicted of aggravated battery which requires a unanimous verdict of a six person jury, the vote of 10-2 by a twelve person jury was insufficient to support her conviction.
This assignment lacks merit. The Louisiana Supreme Court has clearly enunciated that the mode of trial is determined by the charge under which the defendant is prosecuted. State v. Goodley, 398 So.2d 1068 (La.1981); State v. Gilmore, 332 So.2d 789 (La.1976).
The defendant's conviction is affirmed, the sentence is vacated and the cause is remanded to the district court.
CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED.
NOTES
[1] Agreeing with Justice Lemmon's opinion in this regard in State v. Fraser, 484 So.2d 122 (La.1986).
[2] See Professor Cheney Joseph's incisive analysis of this issue in his upcoming law review article. Joseph, Developments in the Law 1985-1986, Criminal Procedure, 47 La.L.Rev. 267 (1986).