520 So.2d 1079 (1987)
STATE of Louisiana
v.
Charles MARTIN.
No. CR87-477.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
David Stone, Alexandria, for defendant.
R. Greg Fowler, Asst. Dist. Atty., Alexandria, for plaintiff.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
Defendant, Charles Martin, was convicted of aggravated battery, a violation of La.R.S. 14:34. On March 24, 1987, he was sentenced to serve five years at hard labor. Defendant has appealed his conviction and the sentence imposed.

FACTS
On July 4, 1986, at about 11:30 p.m., Kenneth Davenport went to the Oak Tree Lounge in Alexandria, Louisiana, with his brother. Early on the morning of July 5th, *1080 Davenport left the lounge holding two cups of beer in his hands. Defendant followed Davenport outside and asked for beer. Davenport refused and repeatedly asked to be left alone. Defendant then pushed him twice, whereupon Davenport turned around and defendant stabbed him twice in the abdomen and once in the hand. Witnesses testified that Davenport was unarmed and in no way provoked defendant. Defendant was tried, convicted and sentenced to five years at hard labor.
In support of his appeal, defendant has designated the following assignments of error:
1. The trial court erred in failing to find that the force used by the defendant was reasonably necessary to repel the attack of the victim and was a justifiable use of force in self-defense.
2. The trial court erred in failing to properly articulate the reasons for sentencing and in not imposing a probated sentence.
3. The trial court erred in imposing a sentence which is constitutionally excessive.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, the defendant contends that the trial court erred in finding him guilty, urging that his actions were justified and in self-defense.
Under La.R.S. 14:19 force or violence upon the person of another is justified if it is committed for the purpose of preventing a forcible offense against the person, provided the force used is reasonable and necessary to prevent such offense.
The defendant testified that Davenport accosted him in the Oak Tree Lounge and punched him in the eye. Defendant stated further that shortly thereafter he got up to leave and Davenport accosted him again, punching him in the other eye. Defendant testified that he and Davenport were "tussling and stuff like that, and he (Davenport) had his bottle up. He had a bottle in his hand." Defendant admitted stabbing Davenport, but said it was "because I was on defense and ... I was scared because he had the bottle in his hand." The testimony of the victim and the other State witnesses contradicted defendant's story.
Kenneth Davenport testified that he was leaving the Oak Tree Lounge to look for his brother, carrying two cups of beer, when he was accosted by the defendant. Davenport stated that the defendant asked for beer and when he refused, pushed him in the back. Davenport stated that the defendant pushed him a second time, and when he turned around, the defendant stabbed him.
Sheretta Bowers testified that when Davenport left the bar he had two cups of beer in his hands. Bowers testified that the defendant pushed Davenport twice and on the second push, Davenport lost control of the cups. Bowers testified that after the second push, Davenport turned around and was "jougged". Finally, Bowers stated that the victim was backing up during the incident and the attack was unprovoked.
Patrick Norman and DeWanda Wilkins, two other witnesses, corroborated the testimony of Sheretta Bowers. Norman also testified that shortly before trial, the defendant offered him money to say that Davenport had a bottle during the incident.
Our jurisprudence leaves some doubt as to who has the burden of proving the existence, or non-existence, of the affirmative defense of self-defense. In State v. Freeman, 427 So.2d 1161 (La.1983), the Louisiana Supreme Court decided that it did not have to resolve that issue stating: "We need not, ... definitely resolve this narrow legal issue, for irrespective of who bears the burden in this case, and even assuming that the State has the burden of proving beyond a reasonable doubt in this non-homicide situation that defendant did not act in self-defense, we conclude that the State has carried its burden of proof."
In our case, like Freeman, supra, it does not matter who has the burden of proof. Even if the State had a duty to negate the defense of self-defense, beyond a reasonable doubt, it carried its burden. Three eyewitnesses and the victim testified that the defendant pursued and stabbed Davenport without provocation. All eyewitnesses *1081 agreed that Davenport was unarmed. The only testimony indicating otherwise was provided by the defendant. The resolution of factual contradictions and issues of credibility is left to the trier of fact. State v. Loyd, 425 So.2d 710 (La. 1982); State v. Zeno, 469 So.2d 337 (La. App. 2d Cir.1985), cert. denied, 474 So.2d 1303 (La.1985). The trial judge did not err in finding that the State refuted defendant's claim of self-defense beyond a reasonable doubt. This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendant contends that the trial court erred in failing to articulate the reasons for the sentence imposed. Further, he urges that the trial court erred in not giving him a probated sentence and in imposing an excessive sentence.
In imposing sentence, a trial judge is required to state for the record both considerations he has taken into account and the factual basis for the imposition of sentence. La.C.Cr.P. art. 894.1; State v. Duncan, 420 So.2d 1105 (La.1982). In State v. See, 462 So.2d 1369 (La.App. 3rd Cir.1985), remanded for resentencing, 467 So.2d 525 (La.1985), we stated:
"... The trial judge need not state for the record his consideration of each of the aggravating and mitigating circumstances enumerated in the article. However, the record must reflect that the judge did consider these guidelines in particularizing the sentence to the defendant. State v. Quebedeaux, 424 So. 2d 1009 (La.1982). The record should reflect that the trial court considered not only the seriousness of the crime and the defendant's criminal history, but also the defendant's personal history (age, mental status, dependents, family ties, employment record, emotional and physical health), and his potential for rehabilitation. State v. Quebedeaux, supra; State v. Jones, 398 So.2d 1049 (La.1981). The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it. State v. Ray, 423 So.2d 1116 (La.1982)."
Defendant argues that the trial judge failed to articulate the reasons for sentencing as required by La.C.Cr.P. art. 894.1. The record clearly reflects otherwise.
In his sentencing colloquy, the trial judge considered the following as mitigating factors: defendant's age; his employment history; the fact that this was his first felony conviction; letters of recommendation on behalf of the defendant; the fact that defendant is a borderline mental retardee; and, the hardship defendant's imprisonment would cause his family. On the other hand, the trial judge considered the facts that the victim's wounds were life threatening; defendant's conduct was premeditated and did cause serious harm; he was not provoked; his conduct was not justified; and, the defendant has not compensated the victim for the damages sustained. The trial judge then balanced these considerations and ultimately determined that a five year sentence of imprisonment was justified. In sum, we conclude that the record reflects strict compliance with La.C.Cr.P. art. 894.1.
Finding that the trial court has complied with the obligation imposed by La.C. Cr.P. art. 894.1, our standard of review is as follows:
"... [a] sentence will not be set aside as excessive absent manifest abuse of the trial judge's sentencing discretion. State v. Spencer, 374 So.2d 1195 (La. 1979); State v. Sepulvado, [367 So.2d 762 (La.1979) ], supra. The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980)." State v. Smack, 425 So.2d 737, 740 (La.1983).
We find that a sentence of five years at hard labor for the crime of aggravated battery, under the facts of this case, neither constitutes a manifest abuse of the trial judge's sentencing discretion nor does such sentence shock our sense of justice.
*1082 The maximum sentence under La.R.S. 14:34 is ten years imprisonment. Defendant was sentenced to serve one-half of the possible term of imprisonment. The trial judge did not feel that defendant was likely to respond affirmatively to probationary treatment because of his borderline mental retardation. Also, in declining probation, the trial judge emphasized the seriousness of the crime, the victim's brush with death, and the violent nature of the crime. We find that the penalty imposed is appropriate. These assignments of error are without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.