527 So.2d 48 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Edward PERKINS, Defendant-Appellant.
No. CR87-932.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Ronald Cox, Alfred Boustany, II, Lafayette, for defendant-appellant.
Carrol Spell, Don Landry, Asst. Dist. Attys., Lafayette, for plaintiff-appellee.
Before FORET and LABORDE, JJ., and REGGIE, J. Pro Tem.[*]
*49 LABORDE, Judge.
The defendant, Edward Perkins, was convicted of attempted manslaughter, a violation of LSA-R.S. 14:27 and 14:31, and was sentenced to serve eight years in prison. He appeals this conviction and asserts two assignments of error:
"(1) The jury erred in failing to find that the defendant acted in self defense.
(2) The trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines."

FACTS
On November 16, 1986, Charles Goudeaux was stabbed once in the abdomen and once in the heart with a paring knife. It is undisputed that the defendant, Edward Perkins is the person that stabbed Goudeaux. Prior to the incident, the two were well acquainted with each other, although to say that they were friends would probably be stretching it. Goudeaux had lived with defendant, defendant's fiance, and her son for short periods of time prior to the stabbing. These stays would always ultimately end in a fight between Goudeaux and defendant and each time the defendant ordered Goudeaux to move out. In one such incident, the larger Goudeaux (6 foot, 1 inch tall) pinned down the smaller defendant (5 foot, 4 inches tall) although Goudeaux claims he was simply holding defendant down to cool him off while defendant claims that Goudeaux was bashing his head into the concrete. Finally, Goudeaux moved into his aunt's house.
On the date of the stabbing, Goudeaux had borrowed a power nozzle from defendant to use to wash his aunt's home. Later that day defendant saw that Goudeaux was finished with the nozzle and demanded that he return it. Goudeaux returned the nozzle to defendant outside of defendant's home and apparently made comments that upset defendant. The two began arguing. Defendant was smoking a pipe and Goudeaux slapped it out of his mouth. Defendant then reached into the back of his truck, grabbed the paring knife and stabbed Goudeaux twice. Goudeaux ran to his aunt's house and collapsed on the kitchen floor. An ambulance (which defendant apparently told a neighbor to call) took Goudeaux to the hospital and he did recover from his injuries. The police arrived and arrested defendant at his home without any resistance.

ASSIGNMENT OF ERROR NO. 1
Defendant alleges that the jury erred in failing to find that his actions were in self-defense and thus justified under LSA-R.S. 14:19.[1] Defendant points out that he is much shorter than the victim and also that he has a crippled right hand due to a birth defect. He claims that Goudeaux's behavior was often erratic and violent and defendant was scared of him. Defendant argues that when Goudeaux slapped him, it caused him to fall against the truck. He reached in the back of the truck and grabbed the first thing he could find to use to protect himself. He then thrashed this object (the knife) in the direction of Goudeaux. Defendant thus claims that his actions were justified as he was trying to prevent a forcible offense against himself.
Louisiana law is settled that when a defendant in a homicide case claims self defense, the State has the burden of establishing beyond a reasonable doubt that the defendant did not act in self-defense. State v. Garcia, 483 So.2d 953 (La.1986). In non-homicide cases, such as the present, it has recently been held by some circuits that the defendant must carry the burden of proving self-defense by a preponderance of the evidence. State v. Barnes, 491 So. 2d 42 (La.App. 5th Cir.1986); State v. Mason, 499 So.2d 551 (La.App. 2d Cir.1986). Those courts have stated that the issue of *50 self-defense in non-homicide cases requires a dual inquiry: (1) an objective inquiry into whether the force used was reasonable under the circumstances; and (2) a subjective inquiry into whether the force was apparently necessary. The courts have said that since a subjective inquiry is required, the defendant is in a better position to know the subjective facts and it would thus be unfair to require the State to disprove subjective influences on the defendant relating to self-defense. This is especially true since the defendant has those facts available to him to prove to the court. Barnes, 491 So.2d at 47; Mason, 499 So.2d at 555. We feel that the reasoning used in Barnes and Mason is compelling and thus agree that the burden of proving self-defense in a non-homicide case should rest on the shoulders of the defendant. However, even if the burden is upon the State to disprove self-defense as it would be in a homicide case, we feel that the State has met that burden.
The State presented the testimony of Ernest "Turtle" Boone, defendant's neighbor, who stated that he had heard defendant on numerous occasions publicly threaten to kill Goudeaux. The State also presented evidence, which was basically admitted by defendant, that the defendant drank 3-4 quarts of beer on the date of the stabbing.[2] The testimony also revealed that Goudeaux, although larger than the defendant was unarmed at the time of the incident. Goudeaux did slap defendant's pipe out of his mouth, but there is nothing to indicate that these actions were anything more than Goudeaux venting his frustrations toward defendant during an argument. It does not appear that Goudeaux was intent on causing defendant any serious bodily harm. Also all of these actions were occurring in the driveway of defendant's home. There is nothing to indicate that defendant could not have retreated into his home or even that Goudeaux would not have left the property if defendant had told him to.
As previously stated, we must apply a dual inquiry in this type of case as to the reasonableness of defendant's actions and the apparent necessity of the force used. As to reasonableness of his actions, our inquiry is objective; as to the apparent necessity of the force used, our inquiry must consider the subjective state of mind of the defendant. After reviewing the facts of this case, it is clear to this court that defendant's actions were not reasonable under the circumstances. To stab a person twice (once in the heart) in retaliation to that person's slapping a pipe out of one's mouth is certainly not a reasonable action under the circumstances. As to defendant's subjective state of mind, he alleges that he feared Goudeaux and remembered the time that Goudeaux had allegedly beaten him up on a previous occasion. To say, however, that defendant subjectively believed that he needed to grab the knife and stab Goudeaux in the heart and abdomen with it in order to protect himself from Goudeaux's use of force against him, has no semblance of credibility. Further, we find, that the State presented sufficient evidence to meet its burden of proving that defendant's actions were not in self-defense. The jury considered all of the evidence and found that the defendant was not acting in self-defense. We agree. Defendant's assignment of error number 1 thus lacks merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error defendant asserts that the trial court failed to comply with the sentencing guidelines in La.C.Cr.P. art. 894.1 and that defendant was given an excessive sentence.
La.C.Cr.P. art. 894.1(C) provides:
"C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
The purpose of this provision is to afford the reviewing court insight into the reasoning of the trial judge, so that the propriety of the sentence can be better evaluated. *51 State v. Price, 403 So.2d 660, 664 (La.1981). When the trial judge does not comply with the provision, the sentence may be vacated and the case remanded for resentencing. Id. However, even if the trial judge does not fully comply with the provisions of La.C.Cr.P. art. 894.1, we may decline to remand the case for resentencing if there is no apparent abuse of discretion in imposing the sentence. Id.
In stating the reasons for the sentence, the trial judge mentioned that he had received correspondence about defendant's son, that he considered the facts brought out during the trial, and the sentencing guidelines in the Code of Criminal Procedure. He then sentenced defendant to serve eight years in prison. The maximum potential sentence for attempted manslaughter is 10½ years. Thus defendant's sentence falls within the permissible range; however, such a sentence may still be found excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). We find that the trial judge failed to recite adequate reason for us to review whether the somewhat harsh sentence imposed upon defendant was excessive. The reasons for the sentence should have been more expressly recited by the trial judge for preservation in the record for a reviewing court. We thus vacate this sentence and remand this case to the trial court for sentencing in compliance with the guidelines of La.C.Cr.P. art. 894.1. Our decision is in no way a determination as to whether or not defendant's sentence is excessive.
Defendant's conviction of attempted manslaughter is thus affirmed. His sentence is vacated and the case is remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RE-SENTENCING.
NOTES
[*] Honorable Edmund M. Reggie, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] LSA-R.S. 14:19 provides:

"The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possessionprovided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide."
[2] Defendant does not claim that his intoxication precluded him from forming the requisite specific intent for attempted manslaughter under LSA-R.S. 14:15. In fact, defendant stated that he usually drank 2 or 3 quarts of beer a day.