**1034**

Jesse **BELL**

v.

Warden Hilton **BUTLER**, et al.

**Civ. A. No. 89–260–B.**

United States District Court,
M.D. Louisiana.

April 3, 1990.

Jesse Bell, pro se.

Janis L. Kile, Baton Rouge, La., for defendants.

## OPINION

POLOZOLA, District Judge.

This matter is before the court on an application for a writ of habeas corpus filed by Jesse Bell. The magistrate has recommended that the application for writ of habeas corpus be denied. The court agrees with the magistrate that the petitioner's application for a writ of habeas corpus should be denied. However, the court wishes to set forth its understanding of the applicable law insofar as to the issue of who has the burden of proof where the defendant contends he acted in self-defense.

Petitioner contends that his conviction should be set aside because the conviction was based on insufficient evidence because the state did not prove beyond a reasonable doubt that the petitioner did not act in self-defense.

In *Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987), the Supreme Court rejected the argument that federal due process is violated by placing the burden of proving self-defense on a defendant charged with committing aggravated murder. In that case, the state courts of Ohio had previously determined that it is the defendant who is required to prove that he acted in self-defense. Moreover, the Supreme Court noted that its decision in *Martin v. Ohio* was consistent with its earlier decision in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), and *Rivera v. Delaware*, 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976). The Fifth Circuit Court of Appeals in *Valles v. Lynaugh*, 835 F.2d 126 (5th Cir. 1988), determined that unless a state court's interpretation of state law violates the federal Constitution, a federal habeas corpus court must defer to the state court in its interpretation of the state's self-defense statute.

In Louisiana, the burden of establishing or refuting a claim of self-defense, in a non-capital case, has not been definitively decided. In *State v. Freeman*, 427 So.2d 1161, 1163 (La.1983), the Louisiana Supreme Court noted that language it previously used implied that the burden of proof in establishing self-defense in a non-homicide case is upon the defendant. After acknowledging that there was no Louisiana jurisprudence distinguishing the burdens of persuasion applicable to self-defense in homicide and non-homicide situations, the court stated:

> The burden of persuasion in proving self defense in a non-homicide situation pursuant to La.R.S. 14:19, which entails a subjective as well as an objective inquiry, could arguably, in fairness to the State, be upon the defendant, since a subjective inquiry is involved. (Footnote omitted.)

The court did not actually answer the question in *State v. Freeman* because it

found that irrespective of who bore the burden of proof in that case, and even assuming that the state had the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense, the state had carried its burden of proof.

Several subsequent Louisiana appellate cases resolved the self-defense burden of proof issue similarly. *State v. Perkins,* 527 So.2d 48 (La.App. 3rd Cir.1988); *State v. Martin,* 520 So.2d 1079 (La.App. 3rd Cir.1987); *State v. Agnelly,* 515 So.2d 821 (La.App. 5th Cir.1987); *State v. Mason,* 499 So.2d 551 (La.App. 2d Cir.1986); *State v. Navarre,* 498 So.2d 249 (La.App. 1st Cir. 1986).

In *State v. Agnelly, supra,* and *State v. Perkins, supra,* the appellate courts acknowledged that the burden of proof issue in a non-homicide case was squarely addressed in *State v. Barnes,* 491 So.2d 42 (La.App. 5th Cir.1986), wherein the trial judge refused to instruct the jury that the burden was on the state to show the defendant had not acted in self-defense. Nevertheless, in both *Perkins* and *Agnelly,* the appellate court saw no need to definitively answer the question because the evidence presented, viewed in the light most favorable to the prosecution, was sufficient to prove either that the defendant failed to prove by a preponderance of the evidence that he acted in self-defense, or that the state proved beyond a reasonable doubt that the defendant did not act in self-defense.[1]

Although the Louisiana Supreme Court has not definitively passed upon this issue, the lower appellate courts which have addressed it have concluded that the burden of proving self-defense in a non-homicide case lies with the defendant. These courts have also required that the defendant prove self-defense by a preponderance of the evidence. Since requiring a defendant to carry the burden of affirmatively proving self-defense does not violate federal due process, *see, Martin v. Ohio, supra,* Louisiana's choice of placing this burden on the defendant must be accepted by this court.

In reviewing the sufficiency of the evidence for habeas corpus purposes, the evidence must be viewed in the light most favorable to the prosecution. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The court finds that the evidence is more than sufficient to support the petitioner's conviction and the jury's decision to reject the petitioner's contention that he acted in self-defense.

The record reveals that the state has met its burden of proving the petitioner's guilt beyond a reasonable doubt. Thus, petitioner's contention that the conviction was based on insufficient evidence because the alleged circumstantial evidence produced by the state did not exclude every reasonable hypothesis of innocence, including the possibilities of accidental death and negligent homicide is also without merit.

Therefore, judgment shall be entered denying petitioner's application for a writ of habeas corpus.

---

1. In *Perkins, supra* at p. 50, the court stated: We feel that the reasoning used in *Barnes* and *Mason* is compelling and thus agree that the burden of proving self-defense in a non-homicide case should rest on the shoulders of the defendant. However, even if the burden is upon the State to disprove self-defense as it would be in a homicide case, we feel that the State has met that burden.

Arguably, the court's conclusion that the burden of proving self defense in a non-homicide case should rest on the shoulders of the defendant is dicta since the court did not rely upon the defendant's failure to carry that burden as the basis for its affirmance of his conviction.