JOY COSSICH LOBRANO, Judge.
|TOn July 24, 2013, the Orleans Parish Juvenile Court adjudicated A.W.[1] delinquent as a result of having committed the crime of simple battery, a violation of La. R.S. 14:35. The Juvenile Court judge committed A.W. to the Department of Safety and Corrections for a period of six (6) months, but suspended the commitment and placed A.W. on six (6) months of inactive probation with certain special conditions. A.W. now appeals the adjudication and disposition.
*729 At trial of this matter, Wallace Foster testified that on April 19, 2013, he was employed as a teacher at Benjamin Banneker Elementary School in New Orleans. A.W. was a seventh grade student in Foster’s physical education class. Foster was on cafeteria duty when A.W. caused a disturbance. Foster asked A.W. to leave the cafeteria, and he refused. Foster called for a security guard, who responded and escorted A.W. to the office. Foster followed A.W. to the office. Words were exchanged between the two, and as Foster moved closer to A.W., A.W. pushed |2him away. Foster said he did not touch A.W. prior to A.W. pushing him in the chest, or at any other time.
Craig Wells testified that he is a public safety officer at Benjamin Banneker Elementary School, and was acting in that capacity on April 19, 2013. He stated that he was a witness to an incident that occurred that day between A.W. and Foster. The incident began in the cafeteria. Wells was summoned to the cafeteria to escort A.W. out of the cafeteria and to the office. This action was requested by Foster because he had told A.W. several times to sit down and stop speaking disrespectfully to him, but A.W. did not follow Foster’s instructions. Foster also went to the office to report A.W. for cursing at him. As Foster was writing his report, A.W. said to him, “I know you didn’t call my momma stupid.” Foster responded to A.W., “No, I didn’t call your momma stupid. I was calling you stupid.” Wells said Foster then jumped up and approached A.W., putting his face close to AW.’s face, and said, “No, I was talking to you.” Wells said that Foster approached A.W. quickly, but never touched A.W. at any time either in the cafeteria or outside of the office. A.W. then pushed Foster away from him. Wells said he then grabbed A.W. and the incident ended.
A.W. testified about the April 19, 2013 incident. He said Foster asked him to sit down in the cafeteria, and he mumbled under his breath as he looked for a seat. He admitted to using profanity. Foster told A.W. to go to the office, and A.W. did not. Foster then called for security. Wells, the security officer, arrived to escort A.W. to the office. Foster followed them to the office, and A.W. asked him |4f he said his mother was stupid. He said Foster then “got into my face,” so close that A.W.’s nose was on Foster’s chest. A.W. said he thought Foster was going to hit him, so he pushed Foster away from him. A.W. admitted that Foster never put his hands on him during this incident or at any other time since he has been a student at that school.
Following trial, the Juvenile Court judge adjudicated A.W. delinquent as a result of having committed the crime of simple battery. A.W. now appeals.
In his sole assignment of error, A.W. argues that the Juvenile Court erred in adjudicating him delinquent after he established by a preponderance of evidence that he acted in self-defense and the State failed to disprove it. La. R.S. 14:35 defines simple battery as “a battery committed without the consent of the victim.”
In State ex rel K.M., 2010-0649, pp. 4-5 (La.App. 4 Cir. 9/29/10), 49 So.3d 460, 463-464, this Court set forth the standard of review in a juvenile delinquency case as follows:
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *730 (1979). The Jackson standard has been held to be the clear standard of review for Louisiana appellate courts by the Louisiana Supreme Court. State v. Brown, 2003-0897 (La.4/12/05), 907 So.2d 1. It specifically requires that the appellate court must determine that the evidence was sufficient to convince a rational trier of fact “that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Neal, 2000-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, citing State v. Captville, 448 So.2d 676, 678 (La.1984). This standard of review is applicable to juvenile delinquency cases. State in the |4 Interest of T.E., 2000-1810 (La.App. 4 Cir. 4/11/01), 787 So.2d 414.
A reviewing court grants great deference to the Juvenile Court’s factual findings, credibility determinations, and assessment of witness testimony. State in Interest of S.J., 2013-1025, p. 3 (La.App. 4 Cir. 11/6/13), 129 So.3d 676, 678, citing State ex rel. W.B., 2008-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61.
With regard to the issue of self-defense, this Court in State v. Boudreaux, 2008-1504 (La.App. 4 Cir. 9/29/10), 48 So.3d 1144, stated as follows:
In a non-homicide situation, the defense of self-defense requires a dual inquiry; an objective inquiry into whether the force used was reasonable under the circumstances; a subjective inquiry into whether the force was apparently necessary. State v. Freeman, 427 So.2d 1161, 1163 (La.1983); State v. Jefferson, 2004-1960, pp. 9-10 (La.App. 4 Cir. 12/21/05), 922 So.2d 577, 587. Under La. R.S. 14:19(A), the force or violence used must be both reasonable “and” apparently necessary to prevent the threatened offense. Therefore, if the force or violence used was unreasonable, the issue of whether that force or violence was apparently necessary to prevent the offense is moot.
In Freeman, the Louisiana Supreme Court noted that there apparently was no Louisiana jurisprudence distinguishing the burdens of persuasion applicable to self-defense in homicide and non-homicide situations. The Court further noted that the burden of persuasion in proving self-defense in a non-homicide situation pursuant to La. R.S. 14:19, which entailed a subjective as well as an objective inquiry, “could arguably be upon the defendant,” since a subjective inquiry was involved. However, the Court in Freeman did not resolve that issue because it found that even assuming the State had the burden of proving beyond a reasonable doubt that the defendant in the non-homicide case had not acted in self-defense when she shot her ex-husband, it had carried its burden of proof.
Id., p. 30, 48 So.3d at 1161 (footnote omitted).
|fiIn State v. Byrd, 2012-0556, p. 3 (La.App. 4 Cir. 6/5/13), 119 So.3d 801, 804, this Court noted that the State’s burden of proof on the issue of self-defense in a non-homicide case is unclear, and may only require proof by a preponderance of the evidence.
In this case, even assuming that the State had the burden of proving beyond a reasonable doubt that A.W. had not acted in self-defense when he committed the battery on Foster, we conclude that the State carried its burden of proof. The testimony at trial revealed a seventh grade student, A.W., cursing and refusing to follow the instructions of a teacher while on school grounds. A.W.’s actions caused Foster to have a security officer escort A.W. from the cafeteria to the office, where a verbal exchange between Foster and A.W. occurred. Both Foster and Wells testified *731 that Foster never touched A.W. at any point during the incident of April 19, 2013, and that the only physical contact that occurred during the incident was when A.W. pushed Foster. Furthermore, the evidence was undisputed that Foster did not threaten A.W. with physical contact at any time during the incident at issue, or at any other time since A.W. has been a student at the school. The Juvenile Court judge evaluated the credibility of the witnesses, and obviously determined that A.W. was not justified in his battery of Foster.
Viewing the evidence in the light most favorable to the prosecution, we conclude that the Juvenile Court could have found that the essential elements of the charged offense were proven beyond a reasonable doubt. For the reasons stated above, we affirm the adjudication of delinquency and disposition against A.W.
AFFIRMED.
BELSOME, J., Dissents with Reasons.

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the juvenile involved in this matter will be used instead of his name.